[Crim. No. 4772. Second Dist., Div. Three. May 28, 1952.]

THE PEOPLE, Respondent, v. ROBERT BROWN,
Appellant.

Sidney L. Gelber for Appellant.

Edmund G. Brown, Attorney General, and William E.
James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appeal by defendant from a judgment
sentencing him to state prison. On April 23, 1936, in a trial
to the court defendant was adjudged guilty of the offense
of attempted robbery by means of force and fear. He was
subject to imprisonment for a period of not less than one
nor more than 20 years (Pen. Code, § 664.) Imposition
of sentence was suspended and defendant was placed on proba-
tion for a term of 10 years on condition that he serve the first
six months in the county jail, obey all the laws and report
regularly to the probation department. On June 14, 1937,
in his absence, a report of violation of probation was filed,
probation was revoked and a bench warrant was issued. The

violation of probation consisted of defendant's failure, after March, 1937, to report monthly to the probation officer. On November 1, 1951, defendant was in court with counsel and was sentenced to the state prison for the term prescribed by law. It thus appears that defendant was sentenced 15 years and 7 months after he was placed on probation, and 14 years and 5 months after probation had been revoked. In the meantime defendant had married, had become the father of four children, and so far as appears in the record had not been found guilty of violating any law and did not even know that probation had been revoked.

Defendant contends that the court lost jurisdiction to sentence him upon the expiration of the term of probation. He outlines his argument as follows: The court has no jurisdiction under the probation laws, section 1203 et seq., of the Penal Code, to place a person on probation for a longer term than is prescribed as the maximum punishment for the offense of which he has been convicted; it is manifest throughout the scheme of probation that the Legislature never intended for the court to retain jurisdiction of a person beyond the term fixed by the court as the probationary period; if the court can impose sentence at any time after the expiration of the term of probation, it can do so even after the expiration of the maximum time for which probation could be granted; during the term of probation, even though probation is revoked, the court can still change its order, but if, when probation has been revoked, the court cannot, after the expiration of the term, change the terms of probation and must sentence the defendant, the authorities can by mere inaction deprive the probationer of an opportunity to prove meritorious grounds for remaining on probation; it could not have been the intention of the Legislature to provide that if probation is revoked within the prescribed term the probationer is subject during the remainder of his life to the imposition or execution of sentence.

■ Defendant relies upon section 1203.3, Penal Code, which reads in part as follows: "The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. . . . *and in all* cases, if the court has not seen fit to revoke the order of probation *and impose sentence or pronounce judgment,* the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections." (Em-

phasis added.) While apparently conceding that during the term of probation the court may extend the term to the maximum period for which the person could be sentenced and thus retain authority to impose sentence within the extended time, defendant contends that where no extension is granted it is mandatory at the expiration of the term of probation for the court to discharge the probationer, if probation has not been revoked *and* sentence imposed.

We must hold that the court had jurisdiction to impose sentence. Although defendant realizes that the Supreme Court in *People* v. *Williams,* 24 Cal.2d 848 [151 P.2d 244], decided the precise point to the contrary of his contention, holding that after probation has been revoked there is no limit of time within which sentence can be pronounced, he entertains the vain hope that we will not consider ourselves bound by that decision.

■ A further contention is that the court should have set aside the order revoking probation and extended the probationary period, when the only ground of revocation was defendant's failure to report to the probation officer. The court was without authority to do so. When the term of probation expired the court lost jurisdiction to vacate its former order. It was so held in *People* v. *O'Donnell,* 37 Cal.App. 192, where the court said (p. 197 [174 P. 102]): "The authority in a court to suspend a sentence or the execution thereof in a criminal case and liberating the defendant for a certain period is wholly statutory, and the statute itself furnishes the measure of the power which may thus be exercised. Nothing which cannot be found in the statute or which is not reasonably and fairly or necessarily within the reason or spirit or intent thereof can be imported into it by the courts." In the present case there was nothing for the trial court to do other than pronounce judgment although defendant had already served a six-months term in the county jail.

We regard this as a proper case in which to call the attention of the Legislature to the present state of the law. Defendant served one jail term for attempted robbery and now goes to prison for from one to 20 years after probation was revoked because he failed to report to the probation officer for a period of two or three months. This is the actual condition, and the realistic as opposed to the legalistic view of the situation. Almost 15 years after probation was granted defendant was sentenced to state prison. It might as well have been 50 years, since it would be possible, as the law now stands,

for one in his old age to be sent to prison because he had failed in his youth to observe all the conditions of probation. The culprit may not even know that probation was revoked; neglect to report may have been his only failure to render full compliance; he may have led an exemplary life in the meantime, wholly unaware of his perilous position, and yet be beyond the pale of the court's mercy when the harsh hand of the law is placed upon him. And all this may result from the neglectful or wilful failure of the authorities to bring the offender to court while there is still authority to excuse his default and gave him another chance. It is an extraordinary situation, and one that can be due only to an unfortunate oversight on the part of the Legislature.

Jurisdiction to pronounce judgment or impose sentence, and to retain the probationary status, should be coextensive as to time. One who renders it difficult for the authorities to bring him to court after violation of probation can have no just cause for complaint if judgment is pronounced or sentence is imposed in his absence under section 1193 or 1203.2 (a), Penal Code.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 26, 1952. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.