[Crim. No. 7336.   In Bank.   Apr. 30, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD LOUIS ARGUELLO, Defendant and Appellant.

A. Brigham Rose and Goerge A. Westover for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, James Don Keller, District Attorney, and Donald L. Meloche, Deputy District Attorney, for Plaintiff and Respondent.

McCOMB, J.—Defendant appeals from a judgment of conviction of forgery.

*Facts:* August 13, 1956, defendant entered a plea of guilty to forgery (violation of Pen. Code, § 470) and filed an applica-

tion for probation. August 28, 1956, the date set for judgment and/or probation hearing, defendant appeared with his attorney and was ordered to serve six months in the county jail, with the last three months suspended during three years of probation.[1]

April 13, 1962, defendant appeared with counsel before the trial court on a probation hearing, after which the court made an order revoking defendant's probation and arraigned him for judgment on the original charge to which he had pleaded guilty in 1956. Thereafter the court rendered judgment and sentenced defendant to confinement in the state prison for the term prescribed by law (one to fourteen years), with a recommendation that he serve more than the minimum sentence.

■ Defendant contends *that the action taken by the trial court on August 28, 1956, constituted rendition of a final judgment of conviction and the imposition of sentence therefor, and that the court had no jurisdiction to render judgment and pronounce sentence against him on April 13, 1962, on his plea of guilty entered August 13, 1956.*

This contention is correct. ■ In granting probation after a conviction, the trial court may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order the execution thereof stayed. In the latter case a judgment of conviction has been rendered. (*In re Phillips,* 17 Cal.2d 55, 58 [1] [109 P.2d 344, 132 A.L.R. 644].)

■ The following documents show that a judgment was rendered and sentence imposed against defendant on August 28, 1956:

(1) The record of the action, under date of August 28, 1956, reads as follows:

"Probation __V__ 3 ys. Granted __V__ Denied _____

"Judgment    6 mos. County Jail—3 mo. suspended."

(2) The minutes of the court for August 28, 1956, read as follows:

"No. 208036          People vs. Edward Louis Arguello

"This being the time set for the probation hearing in the above matter comes [sic] now . . . [naming District Attorney, defendant, and his counsel]. Probation is by the Court granted. The defendant is *sentenced* to six months in the

---

[1] At further probation hearings held April 23, 1958, and June 6, 1960, the period of probation was purportedly extended for a total of an additional nine years.

County Jail, 3 months of which is to be suspended in accordance with the terms of the probation more fully set out in the probation order of this date." (Italics added.)

(3) A two-page printed and typewritten form, dated, signed, and filed August 28, 1956, entitled "Commitment to Sheriff," provides on the first page (after reciting an arraignment and a finding of guilty) that defendant was asked if he had any legal cause to show why judgment should not be pronounced; that he stated he had none; that the court found none; and that "thereupon the Court rendered its *judgment* . . . that the said Edward Louis Arguello be punished by imprisonment in said adult detention facility of the County of San Diego, State of California . . . for the term of Six Months with three months suspended." (Italics added.)

The page concludes with a certification by the deputy clerk wherein he states that the "foregoing" is "a full, true and correct copy of the judgment duly made and entered in the Minutes of" the court; that he had compared the same with the original; and that the same is a transcript therefrom and the whole thereof.

The document omits all mention of suspension of imposition of sentence and fails to mention probation in any manner. It is clear, however, from the reporter's transcript that the court granted probation. Therefore, the reference to suspension of three months of the six-months sentence must be deemed a reference to probation in connection with a final sentence already pronounced. (Cf. *In re Herron,* 217 Cal. 400, 404 [2] [19 P.2d 4]; *People* v. *Rickson,* 112 Cal.App.2d 475, 481 [10] [246 P.2d 700]; *United States Fid. & Guar. Co.* v. *Justice Court,* 99 Cal.App.2d 683, 687 [222 P.2d 292] [hearing denied by the Supreme Court].)

Since it is clear that judgment was rendered and sentence imposed upon defendant on August 28, 1956, the court lacked jurisdiction to render judgment and pronounce sentence against him on April 13, 1962, on his plea of guilty entered August 13, 1956. (Pen. Code, § 1203.2; *In re Loros,* 48 Cal. App.2d 680, 681 [120 P.2d 69].)

In view of our conclusions, it is unnecessary to discuss other points raised by defendant.

The judgment is reversed.

Gibson, C. J., Traynor, J., Peters, J., Tobriner, J., and Peek, J., concurred.

SCHAUER, J., Dissenting.—I am unable to concur in the judgment of reversal. The real issue on this appeal, as I understand it, is the sufficiency of the evidence to support the trial court's judgment. Resolution of this issue depends upon how we view the record. In construing the record the rule is so fundamental that it would not — except for its seeming breach here — need reiteration. Essentially it is that "We cannot presume error unless it is clearly disclosed" (*Thompson* v. *Monrow* (1852) 2 Cal. 99, 100 [56 Am. Dec. 318]); that "Error . . . must be affirmatively shown, and [that] all intendments are in favor of the regularity of the judgment below." (*Ford* v. *Holton* (1855) 5 Cal. 319, 321; *People* v. *McClennegen* (1925) 195 Cal. 445, 449 [1] [234 P. 91]; *Lynch* v. *Birdwell* (1955) 44 Cal.2d 839, 846 [2,3] [28 P.2d 919]; *Primm* v. *Primm* (1956) 46 Cal.2d 690, 693-694 [1,2] [299 P.2d 231].) Applying the rule, the duty is upon this court to construe the elements and several documents of the record before us favorable to affirming the judgment. Obedient to that rule, and as illustrative of the evidence which I consider ample to support the trial court, I set forth certain references to and excerpts from the original files and records of the superior court as included in the Clerk's Transcript.

Preliminarily it may be noted that the complaint against defendant, as filed in the municipal court (a copy of which is in the Clerk's Transcript), charged two counts of forgery, a felony (Pen. Code, § 470), and that upon defendant's plea of guilty to Count I, Count II was dismissed in furtherance of justice. Further references are as follows:

1. Document entitled "Probation Order" which is stamped "Entered Aug 30 1956 Judgment Book 113, Pg. 123, Nunc Pro Tunc as of 28 Aug 1956," which document is also stamped "Filed Aug 28 1956" and reads in relevant part as follows: "The above named defendant having heretofore on the 13th day of August 1956, plead [*sic*] guilty to the crime of Uttering a Forgery in violation of Section 470 of the Penal Code as charged . . . and this being the time fixed for pronouncing judgment upon the defendant, . . . and it appearing to the Court . . . that the ends of justice will be subserved by *suspending the imposition of sentence* upon the defendant by *placing defendant upon probation*;

"It Is Therefore Now Ordered by the court that the *imposition of sentence* upon the defendant be and the same *is here-*

*by suspended for the term of three (3) years* from the date hereof, during which time the defendant is committed to the charge and supervision of the Probation Officer of said County of San Diego and of this court; . . .

"This *probation is granted* on the further conditions, however, that *for the first six (6) months of said probation, period, he be confined* in the adult detention facility of the County of San Diego. . . .

"The said defendant is remanded to the custody of the Sheriff for placement in such county adult detention facility as the County Classification Committee may designate (Stats. 1921, p. 1615, amended Stats. 1949, Ch. 1390, Deering Gen. Laws, Act 3593), and further, that three (3) months of said commitment to the custody of the Sheriff . . . be suspended; further, that he make restitution [as thereinafter specified]. . . .

"That defendant report to said Probation Officer monthly or as directed; and further, That defendant keep and preserve a certified copy of this order . . . and exhibit the same whenever required to do so by any peace officer of this state." (Italics added.)

2. "Modified Order" of April 23, 1958. This document in essential part reads: "The above-entitled matter [*People v. Arguello*] coming on this day for hearing on a modification of the *Order of Probation* heretofore made . . . and it appearing to this Court that good cause exists for a modification of said Order, in view of the information as presented in the Probation Officer's Supplemental Report dated April 14, 1958;

"Now, Therefore, It Is Ordered that *said Order* be and the same hereby *is modified* in that the defendant serve the next six (6) months in the custody of the Sheriff of this County; that he pay a fine through the San Diego County Probation Officer [as specified in such order] . . . ; that *probation heretofore granted* the defendant for the term of three (3) years be, and the same *is hereby extended* for an additional four (4) years or *until the 27th day of August, 1963; . . .*" (Italics added.) Such order purports to be signed by the judge, is dated, and shows a filing stamp of April 23, 1958.

3. "Modified Order" of June 6, 1960. This order is dated and signed by the superior court judge, and is stamped "Filed" June 6, 1960. It states the title of the action; recites the nature of the proceeding; the dates of various previous

modifications of the probation order; that "good cause exists for a modification of said Order, in view of the hearing held this date" and proceeds "Now, Therefore, It Is Ordered that said Order be and the same hereby is modified, in that the *defendant be continued on probation with the condition* that he serve a term of sixty (60) days in the custody of the Sheriff of San Diego County; that *probation heretofore granted* to the defendant for a term of three (3) years, and subsequently extended for four years, *is hereby extended for an additional five (5) years,* or until the 26th day of August, 1968; . . ." (Italics added.)

4. "Order Revoking Probation." This document, bearing the title of the action, appears to be signed by the superior court judge and to be stamped "Filed" as of April 13, 1962. In material part it reads: "This cause came on for hearing . . . and it appearing . . . that the defendant has failed and neglected to comply with the terms and conditions of the Order of Probation as made and entered on the 28th day of August, 1956, and, to the extent indicated, has violated said order;

"And It Further Appearing that such violations are of a material nature . . . ;

"Now, Therefore, It Is Hereby Ordered that probation as granted herein on the 28th day of August, 1956, for the term of three (3) years, and on the 23rd day of April, 1958, extended for an additional four (4) years, be, and the same is, hereby revoked."

5. "Commitment to State Prison." This document likewise appears to have been signed by the superior court judge and stamped "Filed" on the same date as the preceding order, i.e., April 13, 1962. A standard form commitment to state prison recites the jurisdictional facts showing the charge, the conviction, the admission to probation, the several extensions of the probation period and the revocation of probation. Such commitment to prison includes the formal judgment reading: "It is Therefore Ordered, Adjudged and Decreed that the said Edward Louie Arguello be punished by imprisonment in the state prison of the State of California.

"It is further ordered, adjudged and directed that said defendant be taken by the Sheriff . . . and delivered into the custody of the Director of Corrections . . . at the California State prison, . . . at Chino."

6. It is further noted that a copy of the microfilmed min-

utes of the proceedings of the court on April 13, 1962, contains entries as follows (in case No. 208036, *People* v. *Edward Louie Arguello*):

"This being the time regularly set for the hearing on the motion to revoke Defendant's probation, come now the Defendant in person and with Counsel of record, Geo. A. Westover, the District Attorney . . . and Probation Officer Gerard A. Williams.

"Court convenes at 9:15 A.M. The Court strikes the affidavit of disqualification filed by the Defendant herein on April 3, 1962 under section 170.6 of the Civil Code of Procedure [*sic*].

"Attorney A. Brigham Rose arrives at the hour of 9:20 A.M. and conducts the representation of the Defendant. . . .

[Notation is made of certain "People's Exhibits . . . introduced into evidence upon motion of the District Attorney."]

"At the conclusion of the hearing the Court finds that the offense was and is a felony. Defendant's probation is revoked.

"The Defendant is arraigned for judgment, and is sentenced by the Court to the California Institution for Men at Chino for the term prescribed by law with the recommendation that the Defendant serve more than the minimum term."

7. It bears further mention that the document entitled "Record of Action", relied upon by defendant, appears to be a sort of inter-departmental abbreviated *history* of the steps in the handling of defendant's case but not intended to constitute a judicial record. Its informal character is obvious upon inspection of the photostatic copy which by augmentation was added to the record on appeal.

It is my view that, favorable to affirming the judgment, this court should accept the original files and documents of the superior court hereinabove referred to, as they are set forth in the Clerk's Transcript, rather than (to the end of reversal) rely predominantly upon what appears to be an informal chronology of the incidents of the case ("Record of Action") and the department clerk's rough minutes, in determining the import of the record upon which defendant, after repeated indulgences (as shown by both the Clerk's Transcript and the Reporter's Transcript) was finally committed to prison. So considered, the judgment appears to me to be fully sup-

ported by the evidence which was before the trial court (and which is manifest in the record before us); it should be affirmed.