[Crim. No. 1663.   Fourth Dist.   Nov. 9, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH
EDWARD GISH, JR., Defendant and Appellant.

Langford, Langford & Lane and J. Perry Langford for
Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and George J. Roth, Deputy
Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—On February 8, 1957, defendant-appel-
lant Joseph Gish pleaded guilty to a violation of Vehicle
Code, section 503 (theft of a car), now section 10851, a felony,
with the possible punishment of one to five years in state

prison. The trial judge, on February 26, suspended sentence and granted defendant probation for three years, conditioned upon his serving six months in the county jail, making restitution of $250, not crossing the International Border, and reporting monthly to his probation officer.

On March 10, 1958, the probation order was modified, based on a supplemental report of the probation officer and the period of probation was extended for two more years until February 25, 1962, under the same conditions.

On November 9, 1959, a bench warrant for the arrest of defendant (who was then in the Los Angeles County Jail) was issued, ordering him to show cause why probation should not be revoked.

On December 11, 1959, within the five years, the order of probation was again modified to provide that defendant was not to leave San Diego County.

On December 17, 1959, it was again modified to permit defendant to live in Los Angeles County. The other terms of the probation remained the same.

On March 3, 1960, the court issued a bench warrant for the arrest of defendant, with the notation, "to be effective in the State of California only" and ordered him to show cause why probation should not be revoked.

On December 21, 1961, an order was made revoking probation. On September 20, 1963, an order was made setting aside this order and defendant was again placed on probation for three years, i.e., until September 19, 1966, with an added provision that he pay $200 costs of supervision.

On March 26, 1964, a supplemental report was filed and revocation of probation was recommended. On March 27, 1964, probation was revoked and defendant was sentenced to the California Institution for Men at Chino.

■ Defendant now appeals from this judgment, contending that the trial court lacked jurisdiction to pronounce judgment on March 27, 1964, because the amendment to Penal Code, section 1203.2 and the actions of the trial court were ineffective to extend the term of defendant's probation beyond February 25, 1962.

The 1957 Legislature amended Penal Code, section 1203.2 (Stats. 1957, ch. 331, p. 970), by adding thereto the following: "If probation has been revoked either before or after judgment has been pronounced, the order revoking probation and the judgment, if any, may be set aside for good cause upon motion made before pronouncement of judgment or, if judg-

ment has been pronounced, within 30 days after the court has notice that execution of the sentence has commenced. If an order setting aside the judgment or the revocation of probation or both is made after the expiration of the probationary period, the court may again place the defendant on probation *for such period* and with such terms and conditions *as it could have done immediately following conviction.*"[1] (Italics added.)

This statute did not become effective until after probation was first granted in the instant case. The claim is that this amendment was inapplicable to convictions which occurred before, or where probation was granted before the date of its enactment. (Citing such authority as *People* v. *Ward,* 50 Cal. 2d 702 [328 P.2d 777, 76 A.L.R.2d 911] ; *In re Medley,* 134 U.S. 160 [10 S.Ct. 384, 33 L.Ed. 835] ; U. S. Const., art. I, § 10.)

Defendant concedes that the order of March 10, 1958, validly extended the term of probation to five years, or until February 25, 1962. Probation was revoked on December 21, 1961, within the five-year period. It appears that the amendment is procedural and not substantive. Rather than increasing the disabilities resulting from a criminal conviction, it benefits a defendant because it permits the court to grant further probation if the merits of the situation require such action. (*People* v. *Municipal Court,* 145 Cal.App.2d 767, 771 [303 P.2d 375] ; *People* v. *Mason,* 184 Cal.App.2d 182 [7 Cal.Rptr. 525].)

If not procedural, defendant's case would come under the decision in *People* v. *Brown,* 111 Cal.App.2d 406 [244 P.2d 702] (decided May 28, 1952). There it was held that after probation has been revoked there is no limit to the time within which sentence can be pronounced, and that on expiration of a term of probation the court is without jurisdiction to vacate its order revoking probation. The harsh rule of the *Brown* case led to the 1957 amendment of Penal Code, section 1203.2, *supra.* See Report of Senate Interim Judiciary Committee, 1957, pages 338-339, volume 1 of Appendix to Journal of the Senate, Regular Session 1957. The court had jurisdiction to sentence defendant at the time indicated.

██ It is next argued that the bench warrants containing the notation "to be effective in the State of California only" and the order revoking probation which followed constituted a subterfuge to impose a sentence of banishment and to ex-

[1]The Legislature did not limit that period to the remaining portion of the term of probation originally allowed under § 1203.1. That section appears to apply to the granting of probation in the first instance.

tend the period of probation beyond the maximum provided by law. (Citing *In re Newbern*, 168 Cal.App.2d 472 [335 P.2d 948], where sentence was suspended on condition that defendant leave the state and remain away.) It is argued that the purpose of the bench warrants issued was to induce defendant to remain out of the state in this case. We see no merit to this argument. One of the conditions of defendant's probation was that he remain in San Diego County and not cross the International Border. It was subsequently modified to allow him to go to Los Angeles.

It is apparent that a reasonable explanation for the limitation of service of the bench warrants to California was that the court did not feel that the case, at the time the warrants were issued, was of such nature as to require extradition in the event that defendant, whose whereabouts were unknown, was outside the state.

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 6, 1965.