[Crim. No. 1689.   Fourth Dist.   Mar. 26, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES PHIL-
LIP CARTER, Defendant and Appellant.

J. Perry Langford, under appointment by the District Court of Appeal, and Langford, Langford & Lane for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

FINLEY, J., pro tem.*—Defendant appeals from an order again granting probation after setting aside an order revoking a prior order granting probation.

Defendant pleaded guilty to a violation of Penal Code, section 459. The specific charge was forcibly entering an automobile with intent to steal certain articles of clothing therein. On May 29, 1956, imposition of sentence was suspended and the court placed defendant on probation for four years. He was given permission to travel to Indiana after discharge from the Marine Corps and was accepted for supervision by the Indiana authorities. On April 29, 1959, he was sentenced to 180 days by an Indiana court for malicious destruction of property. The California court was notified of this action on June 23, 1959, and on that date made an order revoking probation and issued a bench warrant for defendant's arrest "to be effective in the State of California only." This limitation was strictly in accordance with Penal Code, section 1198 and in conformity with the limiting factor that state processes extend only to state boundaries, excepting only as this is modified by interstate compacts. The record is silent on any such situation here. Defendant was apprehended in California and brought before the court on July 27, 1964. He told the court that the In-

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

diana authorities had told him that his probation was over. The court set aside the revocation of probation and again placed defendant on probation for three years, that is, until July 26, 1967, on condition that he serve six months in custody and pay $100 for the cost of supervision.

Defendant first contends that the order of July 27, 1964, granting probation, was in excess of the court's jurisdiction, because the defendant's previous probation had terminated without having been validly revoked and because the trial judge in his order revoking the original order granting probation limited the *bench warrant* to service in California although he was aware that defendant was or had been imprisoned in Indiana. The judge indicated that his purpose and intent in so limiting the warrant was to save the people of California money. Apart from any other considerations, the merit of this avowed purpose can hardly be questioned. █ It is not necessary that a defendant be present for the revocation of his probation if good cause dictates the propriety thereof. (*In re Davis,* 37 Cal.2d 872 [236 P.2d 579].) █ His criminal conduct, conviction and incarceration in Indiana constituted an ample showing of good cause.

The scope of the appeal as stated in defendant's notice of appeal is as follows: "You will please take notice that JAMES PHILLIP CARTER, the defendant above named, hereby appeals from the *order* granting him probation in the above entitled matter made on July 27, 1964." (Italics ours.)

In appellant's brief, these two contentions are made:

1. The order granting appellant probation made on July 27, 1964, was in excess of the jurisdiction of the court, because his previous probation had terminated without having been validly revoked.

2. The complaint fails to state a public offense, in that it does not allege that the automobile in question was locked.

Defendant's plea of guilty was entered on May 11, 1956, in the municipal court by defendant, he being represented at the time by counsel. Proceedings based thereon took place in the superior court on May 15, 1956. The original order suspending imposition of sentence for a period of four years and granting defendant probation was made on May 29, 1956.

We turn first to defendant's point No. 2 for the purpose only of discussing it as it relates to the question of jurisdiction. █ If a public offense is stated, even though inartfully, the court had jurisdiction to proceed. If the complaint failed to state a public offense then lack of jurisdiction would

be manifest on the face of the complaint. ██ The charge set forth in the complaint to which defendant entered his plea of guilty reads as follows:

"Personally appeared before me this 14th day of May, 1956, Peter Robert Bechere, of Oceanside, in the County of San Diego, State of California, who, being first duly sworn, complains and says that the crime of P. C. 459 has been committed by said defendant as follows: That said James Phillip Carter on or about the 8th day of May, 1956, in Oceanside Judicial District, in the said County of San Diego, State of California, and before the making or filing of this Complaint, did willfully, unlawfully and feloniously forcibly enter an automobile, to wit, 56 Chev., Calif. lic. DAD 412 a vehicle owned by Peter Robert Bechere, B Co., 1 Bn., 7th Mar. Div. Camp Pendleton, with intent to then and there take, steal and carry away certain articles of clothing therein, while said vehicle was parked in the 900 Blk. No. Hill St., in the City of Oceanside, County of San Diego, State of California."

Penal Code, section 459 confines the definition of burglary, as it relates to a vehicle, to the entry of a ". . . vehicle as defined by said code [Vehicle Code] when the doors of such vehicle are locked. . . ." Defendant urges that since it is not charged in the complaint that the vehicle was locked, the complaint fails to state a public offense. This point may properly be raised at this time for judgment has not yet been pronounced.

In *People* v. *Arguello,* 59 Cal.2d 475, 476 [30 Cal.Rptr. 333, 381 P.2d 5], the court states: "In granting probation after a conviction, the trial court may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order the execution thereof stayed. In the latter case a judgment of conviction has been rendered." Citing *In re Phillips,* 17 Cal.2d 55, 58 [109 P.2d 344, 132 A.L.R. 644].

Defendant cites the case of *People* v. *McGee,* 1 Cal.2d 611 [36 P.2d 378], as authority for the proposition that failure to state a public offense is jurisdictional and can be raised at any time, before or after judgment. *McGee* involved the statute of limitations. The information filed therein showed on its face that the statute had run. The court held that since the running of the statute is jurisdictional and since the information showed on its face that the statute had run, the court had no jurisdiction to proceed with the case and the judgment was therefore void and could be questioned

even after the defendant had served three years of the sentence imposed upon his plea of guilty.

The present case differs from *McGee* in that the complaint does charge a criminal offense even though the draftsmanship of the complaint leaves something to be desired and an element incorporated into the code section is not specifically set forth. Therefore the emerging question is not one of jurisdiction for a public offense is obviously stated, but of mere ambiguity or uncertainty, which is a waivable defect. See Witkin, California Criminal Procedure, sections 220-224. We are satisfied that the offense of burglary is sufficiently charged and that jurisdiction of the court is implicit in the language actually used in the complaint. While it is conceded that a vehicle with all doors unlocked could still be forcibly entered by breaking the glass and entering instead of merely opening a door, the complaint does state that the crime of Penal Code, section 459, has been committed. The only crime of Penal Code, section 459, involving a vehicle is the entry of a vehicle when the doors of such vehicle are locked. Defendant entered his plea of guilty without demurrer. He was represented by an attorney and charged with knowledge that he was pleading guilty to the only vehicle violation included in "the crime of" Penal Code, section 459, which is the entry of a locked vehicle with intent to commit grand or petit larceny. Failure to demur or in any wise question the pleading in either the municipal or superior courts would constitute a waiver of any lack of definition. (*People* v. *Rankin*, 169 Cal.App.2d 150, 159 [337 P.2d 182]; *People* v. *Gilbert*, 217 Cal.App.2d 662, 664 [31 Cal.Rptr. 920].)

Penal Code, section 952, provides that a charge shall be sufficient: ". . . if it contains in substance, a statement that the accused has committed some public offense therein specified." . . . ("the crime of P.C. § 459") "It may be in the words of the enactment describing the offense *or* declaring the matter to be a public offense, *or in any words sufficient to give the accused notice of the offense of which he is accused.*" [Italics ours.]

Further guidelines for use in such considerations are contained in Penal Code, section 4, which provides: "The rule of the common law, that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (See also *People* v. *Codina*, 30 Cal.2d 356 [181 P.2d 881].)

The remaining issue is the validity of the order granting probation made on July 27, 1964, which in turn depends upon the validity of the order of revocation of the probation originally granted to defendant on May 29, 1956, and the bench warrant for defendant's arrest and return to court issued following this order of revocation. ■ Since 1951, an order granting probation is appealable on its merits. (Pen. Code, §§ 1237 and 1466; *People* v. *Donohoe* (1962) 200 Cal.App.2d 17 [19 Cal.Rptr. 454]; *People* v. *Melton* (1954) 125 Cal. App.2d Supp. 901 [271 P.2d 962]; *People* v. *McShane* (1954) 126 Cal.App.2d Supp. 845 [272 P.2d 571].) The appeal is not from a "judgment of conviction," but from the order granting probation. (*People* v. *Sharer,* 61 Cal.2d 869 [40 Cal. Rptr. 851, 395 P.2d 899].)

Such a notice of appeal as was filed herein where there is yet no judgment would be sufficient to question jurisdiction, for where the court lacked jurisdiction there could be no valid order of probation.

■ Specifically, defendant here contends that the trial court lacked jurisdiction to make the July 27, 1964, probation order because the amendment to Penal Code, section 1203.2 and the steps taken by the trial court were ineffective to extend the term of defendant's probation beyond the original four-year period which would have expired with the 28th day of May, 1960.

There is unusual similarity between this case and *People* v. *Gish,* 230 Cal.App.2d 544 [41 Cal.Rptr. 155], decided by this court in November 1964. The dates are similar and in each case Penal Code, section 1203.2 had been amended and became effective subsequent to the making of the original order granting probation and prior to subsequent action by the court in revoking the probation thus granted. In each case imposition of sentence was suspended in contradistinction to the imposition of sentence with an order suspending its execution.

On this point of similarity, appellant in his brief states as follows: "Although the issues in the case at bar are intimately related to those in GISH, there are important differences between the two cases.

"1. The case at bar differs from GISH, and is analogous to PEOPLE v. BROWN, 111 Cal.App.2d 406 [244 P.2d 702] in that the probationary term imposed on July 27, 1964, was one which could have been imposed under the law applicable at the time of the original conviction in 1956. Thus, there is no

problem here of the interpretation or constitutionality of the last sentence of Penal Code Section 1203.2, as amended in 1957.

"2. The case at bar differs from GISH, and from the typical case, in that appellant here did not abscond. He was in Indiana with the permission of the court. He was in custody there at the time of revocation.

"3. Appellant did not know that he was a fugitive. As a result of the misinformation given him by the Indiana authorities, he believed that his probation had been terminated."

We do not consider these suggested differences sufficient to remove this case from application of the rule stated in the *Gish* case. There is no denial that defendant violated the terms of his original probation by the commission of a crime or crimes in Indiana for which he was there sentenced and served time in jail.

██ The granting of probation to a defendant in a criminal action upon conviction after trial or following a plea of guilty is not a matter of right, but of grace on the part of society. (*In re Davis,* 37 Cal.2d 872 [236 P.2d 579].) It is based upon an assumption of good faith on defendant's part and the hope that both society and the defendant will thereby benefit. Where a defendant thus favored thereafter persists in further criminal acts and conduct in defiance of the rules by which society must be governed he is in neither a moral nor a legal position to shift the sole burden of responsibility for his hypothecated legal rights upon society or the agencies thereof. One of the elements and a sound virtue of probation is that it places squarely upon the shoulders of the miscreant the burden of actively accounting to the court for his conduct. Surely it does not lie within any right guaranteed by the Constitution or by law to a defendant in default of this privilege to stand beyond a state line and demand of the state his forceful return for the protection of his right to claim immunity from the very punishment he has actively invited.

As was stated in *People* v. *Gish, supra,* 230 Cal.App.2d 544, 547: "It is apparent that a reasonable explanation for the limitation of service of the bench warrants to California was that the court did not feel that the case, at the time the warrants were issued, was of such nature as to require extradition in the event that defendant, whose whereabouts were unknown, was outside the state." There is no showing here that defendant's whereabouts were known at the time

the first bench warrant was issued. We do not, however, consider knowledge of a defendant's whereabouts outside the state at the time of the issuance of a bench warrant servable only within the state to be at all controlling or particularly material to the right in the court to limit service of the warrant to within the state.

Appellant further seeks to distinguish this from the *Gish* case, contending that in *Gish* when his probation was revoked defendant was a fugitive from justice; that herein defendant was not, but was in Indiana by permission of the California court. The facts recited in the *Gish* opinion do not indicate that Gish was a fugitive or that he ever left the State of California. In the present case, however, when defendant violated his probation by criminal conduct in Indiana for which he was convicted and sent to jail, he became to all intents and purposes a fugitive. Having violated the laws of California, his probation and also the laws of Indiana, we know of no legal justification for his contention that he thereby cast upon the court the election either to compel his return from beyond the reach of its processes or forever surrender the right to punish him. Remaining beyond the geographical boundaries of jurisdiction usually tolls the statute of limitations as a general concept of withholding reward for running away from a legal obligation. We know of no reason to deny its application here. Defendant claims that the Indiana authorities informed him that his California probation had been terminated. The trial court in California apparently and justifiably gave little, if any, credence to this claim.

As in *People* v. *Gish, supra,* 230 Cal.App.2d 544, the rule applied in *People* v. *Brown,* 111 Cal.App.2d 406 [244 P.2d 702], which in turn relied upon *People* v. *Williams,* 24 Cal.2d 848 [151 P.2d 244], is also applicable to this case as that rule has been liberalized by adoption of Penal Code, section 1203.2 in 1957. In *Brown,* it was held that probation could be revoked in a defendant's absence simply because of his failure to report to the probation officer and that nearly 15 years later the court had jurisdiction to impose the suspended sentence. At that time, that is, before the adoption of section 1203.2, probation could be revoked by a timely order made during the term of probation and thereafter sentence imposed, but further probation could not be granted after expiration of the original term of probation. The purpose of the amendment (Pen. Code, § 1203.2) was to liberalize

the rule and permit the court not only to retain the right to impose sentence at a subsequent time, but also to extend the original term of probation to the maximum time for which it could have been originally fixed in lieu of sentencing or, as an alternative, to grant a completely new term of probation without reference to the length of the original term or time served under it. As would the original, the period of the new term would be limited in time only by the length of the maximum period for which the defendant could be sentenced for the original offense. Here, as in *People* v. *Gish, supra,* 230 Cal.App.2d 544, the court acted within its jurisdiction in revoking the original order of probation and in making its order again granting probation for a similar period of time even though the original period had expired. (*People* v. *Banks,* 53 Cal.2d 370 [1 Cal.Rptr. 669, 348 P.2d 102] ; *People* v. *Causey,* 230 Cal.App.2d 576 [41 Cal.Rptr. 116].)

Order affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 19, 1965.