[Crim. No. 1676.   Fourth Dist.   Mar. 29, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN ED-
WARD DAUGHERTY, Defendant and Appellant.

John Edward Daugherty, in pro. per., and Harold P. Curtis, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

FINLEY, J. pro tem.*—This is an appeal by defendant from judgment and sentence imposed subsequent to the making of an order revoking probation.

On December 15, 1952, a complaint was filed in the Municipal Court of the City of San Diego charging defendant with the theft of a motorcycle in violation of section 503 of the California Vehicle Code. On December 18, 1952, defendant while represented by an attorney and with the consent of the district attorney entered his plea of guilty to the charge. Transfer was then made to the superior court where defendant moved for leave to withdraw his plea of guilty and enter a plea of not guilty. The matter was remanded to the municipal court for further proceedings in connection with defendant's motion. After a hearing in the municipal court, during which defendant was represented by his attorney, the motion to withdraw the plea

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

was denied and an order was made returning the matter to the superior court. On January 21, 1953, (the time fixed for pronouncement of judgment and sentence) the superior court duly pronounced judgment and sentence and made its order suspending the execution of sentence for a term of five years and granted the defendant probation.

Sometime prior to February 19, 1954, defendant was convicted of a federal offense, and was sent to McNeil Island Prison, whereupon the office of the warden notified the San Diego Probation Department. On August 11, 1954, the superior court issued a bench warrant ordering defendant's arrest and return to show cause why his probation should not be revoked. No further action was taken at that time. On January 14, 1958, an order was made revoking defendant's probation and issuing a bench warrant for his arrest and return to the court for judgment, the warrant "to be effective in the State of California only." On November 5, 1963, by an order entered *nunc pro tunc* as of November 4, 1963, the order of January 14, 1958, revoking defendant's probation was revoked and defendant was ". . . reinstated to a probationary status for a term of three (3) years, or until November 3, 1966. . . ." The clerk's minutes for November 1, 1963, show that on that date defendant appeared before the court for the pronouncement of judgment and sentence; that his attorney of record did not appear; that defendant requested an attorney and the court appointed one for him and continued the matter until November 4, 1963, when, both defendant and his attorney being present, the above order reinstating probation was made. No appeal was taken from this order which has long since become final.

On January 6, 1964, another bench warrant was issued for defendant's arrest and return to show cause why his probation should not be revoked, "to be effective in the State of California only." The warrant referred to John Edward Daugherty, Silver Bow County Jail, Butte, Montana. No further action was taken at that time.

On April 16, 1964, the court made another order reciting that:

"Whereas, it appears that on April 13, 1964 the defendant, John Edward Daugherty, made a demand for hearing pursuant to the provisions of Section 1381 of the Penal Code of the State of California, and recited the fact that he had been convicted of the crime of Grand Theft in the Superior Court of the State of California, in and for the County of

Orange, on March 22, 1964, and had on said date been sentenced to State Prison therefor; . . .''

The order then continued by ordering the defendant to appear on April 22, 1964, to show cause why the probation theretofore granted should not be revoked and ordered the San Diego County Sheriff to receive custody of defendant at the California Institution for Men at Chino and have him in court on April 22, 1964.

A hearing was held on April 22, 1964, pursuant to this order, at which time defendant was personally present, represented by a court-appointed attorney and questioned the court's jurisdiction to sentence him. The court, however, made its order revoking the probation granted on November 4, 1963, and made and entered its judgment and order sentencing defendant to be punished by imprisonment in the California Institution for Men for the term prescribed by law.

Defendant's notice of appeal reads as follows:

"THE NOTICE OF APPEAL

"Greeting comes now the defendant John Edward Daugherty and enters his appeal from the conviction of 503 CVC and Judgement entered on all statutory grounds set forth within his case on File and that he be permitted to become Propria Persona.

"Further the aforenamed defendant respectfully requests that a reasonable bail be affixed pending the prosecuting of his appeal.

"Respectfully submitted
"John Edward Daugherty

"Executed on
4/28/64''

First, it will be noted that according to the notice, the appeal is taken from the judgment itself and not from any subsequent order granting or revoking probation. Since in this case judgment and sentence were pronounced on January 21, 1953, and an order made suspending their execution, the judgment itself has long since become final and cannot now be questioned in an appeal. ■ While the order made by the court on April 22, 1964, is in the form of a judgment, it cannot be so considered, but is merely an order made after judgment revoking the suspension of *execution* of judgment. (*People* v. *Larsen,* 144 Cal.App.2d 504, 508 [301 P.2d 298]; *In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585].) ■ Where sentence is imposed and the execution thereof stayed, a judg-

ment of conviction has been rendered. (*People* v. *Arguello,* 59 Cal.2d 475, 476 [30 Cal.Rptr. 333, 381 P.2d 5].) For purposes of our discussion we shall treat this as an appeal from the order revoking probation.

In a document entitled ''Appellant's Supplemental Opening Brief,'' filed by appellant in propria persona, and in another document entitled ''Closing Brief and Motion for Oral Argument,'' appellant urges for reversal a number of specifications of error. Most of those having any conceivable merit would be reviewable only on appeal from the judgment itself and not, as will be considered here, merely from an order made after judgment. The validity of that order is the ultimate question before the court for consideration. However, the validity of this order revoking the suspension of execution of judgment depends in turn upon the validity of the orders made subsequent to the making of the original order of probation, for upon their validity depends the continuing jurisdiction of the court.

The first order to be made after the original order of probation was for the issuance of a bench warrant upon receipt by the court of information that the defendant had been convicted of a federal offense and was confined to McNeil Island Prison. This conviction and imprisonment constituted a patent violation of probation and the bench warrant was obviously proper. A serious violation of probation having occurred and no cause to the contrary appearing, the order of January 14, 1958 revoking the original order granting probation and ordering issuance of a bench warrant were also proper. There is neither a constitutional nor a statutory right to notice and hearing preceding a revocation of probation and under our law probation is not a right but a matter of grace. Penal Code, section 1203.2 merely provides that a rearrested probationer ''may'' be taken before the court. (*In re Davis,* 37 Cal.2d 872 [236 P.2d 579].)

The five-year period of probation granted in the original order would not have expired until January 21, 1958, so the order of January 14, 1958, revoking probation was made within the probationary period. Defendant having been confined to McNeil Island, a federal prison out of the State of California, and having taken no steps on his own behalf when released, is in no position to complain that a search was not made for him outside the State of California or that the bench warrant was expressly made effective only in the State of California. Outside of any interstate compact agreements, and the record discloses none here, the effect of the warrant would be

limited by the state boundaries regardless of such a court order. In addition, however, this court, in *People* v. *Gish,* 230 Cal. App.2d 544, 547 [41 Cal.Rptr. 155], held as follows: "It is apparent that a reasonable explanation for the limitation of service of the bench warrants to California was that the court did not feel that the case, at the time the warrants were issued, was of such nature as to require extradition in the event that defendant, whose whereabouts were unknown, was outside the state."

Under the provisions of the 1957 amendment to Penal Code, section 1203.2, defendant's probation having been legally revoked, the court was thereupon empowered to again place defendant on probation for "such period of time and with such terms and conditions as it could have done immediately following conviction." Therefore, the order of November 5, 1963, entered *nunc pro tunc* as of November 4, 1963, which reinstated defendant to a probationary status for a term of three years, or until November 3, 1966, was within the court's jurisdiction. (*People* v. *Gish, supra,* 230 Cal.App.2d 544.) At the time this order was made defendant was before the court in person and also by an attorney appointed by the court. No objection of any kind was registered and time for appeal from this order has long since expired.

When on January 6, 1964, well within the limits of the second term of defendant's probationary period, the court was again apprised that defendant was in Silver Bow County Jail in Butte, Montana, and again issued its order for a bench warrant and to show cause, "to be effective only in the State of California," the court was again acting within its jurisdiction and prerogative. The same may be said for its order of April 16, 1964, when, upon defendant's demand, he being incarcerated in the California Institution for Men at Chino, California, the court issued the warrant, made its order for his appearance to show cause why his probation should not be revoked and sentence imposed, and after a hearing, defendant being personally present, the court revoked its order of suspension and proceeded to impose the suspended judgment and sentence. (*People* v. *Gish, supra,* 230 Cal. App.2d 544.)

One final point urged by defendant should be noted and that is his claim that, "it was error to prepare the record on appeal without the presence of defendant or counsel."

Preparation of the record on appeal is purely a minis-

terial or clerical function. It is in no sense an adversary proceeding entitling defendant to be present. (*People* v. *Ang*, 204 Cal.App.2d 553 [22 Cal.Rptr. 455]; *People* v. *Isby*, 30 Cal.2d 879 [186 P.2d 405].)

Judgment affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.