[Crim. No. 9326. Second Dist., Div. Two. July 1, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID
SIEGEL, Defendant and Appellant.

Daye Shinn for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David B. Stanton, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—May a probationer who received a suspended sentence in 1946 and whose probation was revoked in 1948 be required to serve his sentence in 1965?

In April 1946 defendant Siegel pleaded guilty to the crime of issuing a check without sufficient funds. He was sentenced

to imprisonment for one year in the Los Angeles county jail, sentence was suspended, and he was placed on three years probation. By the terms of his probation Siegel was ordered to follow all rules and regulations of the probation department and was granted permission to leave the state.

Subsequently Siegel left the state—with assurances, he now claims, that he need not report periodically to the probation department in order to remain in good standing. Since the original probation records in this case have been destroyed—Penal Code, section 1203.10, permits destruction of probation papers five years after the termination of probation—the only evidence of this alleged assurance consists of Siegel's own statement to that effect.

In May 1948 Siegel's probation officer recommended that the court revoke probation on the ground of desertion and issue a bench warrant for his arrest. The officer's report stated, ''Probationer last reported on Jan. 2, 1948 . . . and Probation Officer has been unable to locate said probationer since that time. It now appears that said probationer has deserted.'' On the recommendation of the probation officer probation was revoked in May 1948 and a bench warrant issued for defendant's arrest.

Fifteen years passed.

In July 1963 Siegel again appeared before the superior court to answer a charge of issuing checks without sufficient funds, and at that time his 1946 sentence and 1948 revocation of probation were brought before the court. The court ordered a supplemental probation report to cover Siegel's activities during the intervening years. This report showed that in February 1948 Siegel had been convicted in Florida of vagrancy; in November 1948, convicted in Chicago of passing bad checks; in August 1949, convicted in New York of grand larceny; in June 1952, convicted in Chicago federal court of transporting bad checks across state lines; in September 1958, again convicted of a federal offense involving bad checks; in October 1961, again convicted in a Florida federal court of transporting forged checks across state lines. In July 1963, as previously noted, he appeared before the California superior court on bad check charges.

After considering this report the court found that the defendant had violated the terms of his probation, the revocation of probation was confirmed, and the 1946 sentence of one year in the county jail was ordered into execution.

524

Siegel appeals from the order requiring him to serve his original sentence, and he has obtained bail pending appeal. He contends the trial court was without jurisdiction to sentence him some 17 years after the original judgment, and that in any event the trial court abused its discretion in so doing.

(1) *The Court Had Jurisdiction*

 The law is settled that when a court revokes probation within the probationary period, the defendant may be arrested and sentenced any time thereafter even though the probationary period had expired. (Penal Code, § 1203.2; *People* v. *Williams,* 24 Cal.2d 848 [151 P.2d 244]; *People* v. *Brown,* 111 Cal.App.2d 406 [244 P.2d 702]; *People* v. *Daugherty,* 233 Cal.App.2d 284 [43 Cal.Rptr. 446].) The jurisdictional fact is the timely revocation of probation. (*People* v. *Williams, supra,* p. 854; *People* v. *Mason,* 184 Cal.App.2d 182 [7 Cal.Rptr. 525].) Resentencing or execution of the judgment may occur at any time after revocation of probation, regardless of lapse of time. In *People* v. *Brown,* 111 Cal.App.2d 406 [244 P.2d 702], resentencing occurred 15 years after defendant had been placed on probation; in *People* v. *Daugherty,* 233 Cal.App.2d 284 [43 Cal. Rptr. 446], 11 years after judgment; and in *People* v. *Mason,* 184 Cal.App.2d 182 [7 Cal.Rptr. 525], 11 years after judgment.

Siegel's probation was revoked in 1948 while the original three-year probationary term was in effect, and thus the court in 1963 possessed jurisdiction to order the sentence into execution, even though 17 years had elapsed from the date of the original sentence.

(2) *No Abuse of Discretion*

 The trial court did not abuse its legal discretion in revoking probation. When judgment has been pronounced and sentence suspended upon the grant of probation, probation may be revoked without notice and hearing, and defendant ordered committed pursuant to the judgment.[1] (*In re*

---

[1]Contrast the situation where no judgment has been given and pronouncement of sentence has been suspended; in that event there is no basis on which a defendant could be directly committed to prison on revocation. He is therefore entitled to notice and hearing and counsel in what is equivalent to an arraignment for judgment. (*In re Levi,* 39 Cal.2d 41 [244 P.2d 403]; *In re Klein,* 197 Cal.App.2d 58 [17 Cal. Rptr. 71].)

...

*Davis,* 37 Cal.2d 872 [236 P.2d 579]; *People* v. *Daugherty,* 233 Cal.App.2d 284 [43 Cal.Rptr. 446].) ▮ Although the court may not arbitrarily revoke probation (*In re Davis,* 37 Cal.2d 872 [236 P.2d 579]), it is not required to hold a hearing under rules which are applicable to formal trials and revocation may be based upon the probation officer's report alone. (*In re Levi,* 39 Cal.2d 41 [244 P.2d 403].)

▮ The supplemental probation report on Siegel showed violations of probation during the probationary period, for example, the conviction for vagrancy in Florida in February 1948. Since the commission of further crimes within the probationary period is good ground for revocation of probation (*People* v. *Mason,* 184 Cal.App.2d 182, 191 [7 Cal.Rptr. 525]; *People* v. *Daugherty,* 233 Cal.App.2d 284, 288 [43 Cal.Rptr. 446]), the court acted within its authority in confirming the revocation of probation and ordering the previously imposed sentence into execution.

There remains the question whether as a matter of sound public policy stale proceedings such as these should be further pursued. At some point every old judgment, even in criminal cases, becomes archaic and obsolete. Judgments should not be asserted to the surprise of the parties or their representatives when all proper vouchers of evidence are destroyed and facts have become obscured by lapse of time or death of witnesses. Obviously at some point the books must be balanced, and old debts written off. Thus, the doctrine of laches, the rule of adverse possession, the 10-year statute of limitations for execution on a civil judgment (Code Civ. Proc., § 681), and the three-year statute of limitations for commencing most felony actions (Pen. Code, § 800), all reflect a policy of repose in dealing with past events.

Here we are concerned with a one-year sentence of imprisonment ordered into execution 17 years after the original judgment. The probation files in the case have been destroyed, the original probation officer is dead, and the reasons for the original revocation of probation cannot be ascertained by direct evidence. Although during the intervening years the defendant bounced from bad check to bad check and from prison to prison, for these other crimes he has paid his penalty. In the light of these considerations the trial court might well have determined that the public interest would be better served by the application of a general policy of repose to stale criminal judgments, no matter how unworthy the indi-

vidual beneficiary of such a policy might be, rather than by enforcement of an antiquated criminal sentence which through lapse of time carries substantial risk of injustice and can have little deterrent effect on crime.

Yet, presumptively, these considerations were fully weighed by the trial court and its decision went the other way. As an appellate court we cannot say on this record that the result reached was clearly erroneous.

Order affirmed.

Roth, P. J., and Herndon, J., concurred.