[Crim. No. 12826. Fourth Dist., Div. Two. Nov. 16, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR L. DePAUL, Defendant and Appellant.

COUNSEL

Charles L. McKinstry, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Steven V. Adler and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**THE COURT.**\*—Convicted of one count of burglary (Pen. Code, § 459) by guilty plea, defendant Victor L. DePaul was granted probation for a period of two years. More than two years later probation was revoked and defendant was sentenced to state prison. He appeals from the judgment. At issue is the meaning of a statutory provision that revocation, "summary or otherwise, shall serve to toll the running of the probationary period." (Pen. Code, § 1203.2, subd. (a).)

Probation was granted to defendant on December 28, 1978. On August 14, 1980, the court summarily revoked probation but it was reinstated on November 13, 1980, on the same terms and conditions.

On January 16, 1981, a petition to revoke probation was filed alleging that defendant had committed a new burglary on December 30, 1980. The attached police reports also showed that defendant had committed a criminal trespass (Pen. Code, § 602) on January 15, 1981. Probation was summarily revoked on the day the petition was filed.

Defendant demurred to the revocation petition on the ground that the court lacked jurisdiction because the probationary period had expired on December 28, 1980. In oppositon to the demurrer the People relied on the last sentence of subdivision (a) of Penal Code section 1203.2: "Such revocation, summary or otherwise, shall serve to toll the running of the probationary period." The People argued that the probationary period was tolled from August 14 to November 13, 1980, and therefore the expiration date was extended for three months to March 28, 1981.

At the hearing on the demurrer defendant called his probation officer as a witness. In response to a relevancy objection defense counsel made an offer of proof that the witness would testify he had informed defendant on November 13, when probation was reinstated, that the probationary period would still expire on December 28, 1980. The trial court sustained the objection and overruled the demurrer.

---

\*Before Morris, P. J., Kaufman, J., and McDaniel, J.

On March 27, 1981, another petition to revoke probation was filed alleging four additional acts of burglary committed on March 13, 1981. Defendant's demurrer to this petition, on the ground that the probationary period had expired on December 28, 1980, was overruled.

On June 10, 1981, the court found that defendant had violated the terms of his probation by committing trespass as alleged in the petition of January 16 and by committing burglary as alleged in the petition of March 27. Defendant was sentenced to state prison for a term of two years.

■ The only issue raised by defendant on appeal is the one which was the basis for the two demurrers. Defendant contends that the court lacked jurisdiction to revoke probation because the probationary period had expired on December 28, 1980.

■ Case law construing Penal Code section 1203.3 has consistently held that a court loses jurisdiction or power to make an order revoking or modifying the original probation order after the probationary period has expired. (*In re Daoud* (1976) 16 Cal.3d 879, 882 [129 Cal.Rptr. 673, 549 P.2d 145]; *In re Griffin* (1967) 67 Cal.2d 343, 346 [62 Cal.Rptr. 1, 431 P.2d 625].) It has always been clear also that an order revoking probation, made during the probationary period, preserves the court's jurisdiction over the defendant. This has not always meant, however, that the probationary period was tolled by the order of revocation. At least until 1977, the rule was to the contrary: "The law is settled that when a court revokes probation within the probationary period, the defendant may be arrested and sentenced any time thereafter *even though the probationary period had expired.*" (*People* v. *Siegel* (1965) 235 Cal. App.2d 522, 524 [45 Cal.Rptr. 530], italics added.) As this quote indicates, it has been generally thought that the probationary period continued to run and could expire despite an order of revocation.

Expiration of the probationary period following an order of revocation has had important consequences. In *People* v. *Brown* (1952) 111 Cal.App.2d 406 [244 P.2d 702], the defendant's probation was revoked during the probationary period for failure to report to his probation officer. Defendant remained at liberty, apparently unaware that probation had been revoked, for over 14 years during which he married and fathered 4 children without running afoul of the law. On his appeal from the judgment sentencing him to state prison, the court affirmed, holding that the timely revocation of probation preserved the court's jurisdiction to impose sentence but the expiration of the probationary period deprived the court of jurisdiction to reinstate probation or impose an additional term of probation. The court concluded that "there was nothing for the trial court to do other than pronounce judgment." (*People* v. *Brown, supra,* 111 Cal.App.2d 406, 408.) The opinion contained an appeal to the Legislature to

grant trial courts the power to reinstate probation after the probationary period had expired.

In 1957 the Legislature responded by amending Penal Code section 1203.2 to provide: "If an order setting aside . . . the revocation of probation . . . is made after the expiration of the probationary period, the court may again place the defendant on probation for such period and with such terms and conditions as it could have done immediately following conviction." (Stats. 1957, ch. 331, § 1, p. 970.) "The purpose of the amendment . . . was to liberalize the rule and permit the court not only to retain the right to impose sentence at a subsequent time, but also to extend the original term of probation to the maximum time for which it could have been originally fixed in lieu of sentencing or, as an alternative, to grant a completely new term of probation without reference to the length of the original term or time served under it." (*People* v. *Carter* (1965) 233 Cal.App.2d 260, 267-268 [43 Cal.Rptr. 440]. See also, *People* v. *Ottovich* (1974) 41 Cal.App.3d 532, 534-535 [116 Cal.Rptr. 120].)

·The 1957 amendment did not change the rule that the probationary period continued to run despite revocation. To the contrary, the language of the amendment presupposed a situation where the period had expired after revocation. If the period had been tolled by the revocation, of course, it could not have expired.

In an opinion written in 1972, this court stated that "revocation has the effect of terminating or tolling the running of the probationary period." (*People* v. *Youngs* (1972) 23 Cal.App.3d 180, 185 [99 Cal.Rptr. 901], disapproved on another point in *People* v. *Vickers* (1972) 8 Cal.3d 451, 453, fn. 2 [105 Cal.Rptr. 305, 503 P.2d 1313].) When the remark is read in context, however, it is apparent that we were referring only to the preservation of jurisdiction over the defendant.

The only case to find a complete interruption or tolling of the probationary period, pushing back the expiration date, was one where criminal proceedings had been suspended and the defendant was committed to CRC. The court concluded that the probationary period was tolled for the duration of the commitment. (*People* v. *Davidson* (1972) 25 Cal.App.3d 79, 82-83 [101 Cal.Rptr. 494].)

The provision at issue in the present case was added to Penal Code section 1203.2 in 1977. (Stats. 1977, ch. 358, § 1, p. 1330.) Looking only at the language of the provision, the interpretation urged by the People and accepted by the court below seems to be correct. If the probationary period is tolled by revocation then the interval between an order of revocation and an order

reinstating probation should not count in calculating the expiration date of the probationary period.

■ The cardinal rule of statutory construction is that a provision is to be construed so as to effect the intent of the Legislature. (*People* v. *Ruster* (1976) 16 Cal.3d 690, 696 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269]; *Mercer* v. *Perez* (1968) 68 Cal.2d 104, 112 [65 Cal.Rptr. 315, 436 P.2d 315].) When determining legislative intent, the plain meaning of clear statutory language should be followed unless there is compelling evidence that another meaning was intended. (*People* v. *Chadd* (1981) 28 Cal.3d 739, 746 [170 Cal.Rptr. 798, 621 P.2d 837]; *In re Andrews* (1976) 18 Cal.3d 208, 212 [133 Cal.Rptr. 365, 555 P.2d 97].)

■ Defendant argues that the amendment of Penal Code section 1203.2 was probably a response to the opinion in *People* v. *Journey* (1976) 58 Cal.App.3d 24 [129 Cal.Rptr. 478]. In that case probation was summarily revoked ex parte on the last day before the probationary period expired. The appellate court rejected the contention that it was "improper to revoke probation ex parte to preserve jurisdiction when the probationary term would otherwise expire during the period of time necessary to hold *Morrissey* hearings." (*People* v. *Journey, supra,* 58 Cal.App.3d 24, 27.)

Apparently defendant is suggesting that the Legislature intended to signify its approval of the result reached in *Journey* by expressly stating that revocation, summary or otherwise, would preserve jurisdiction over the defendant and in doing so it unfortunately used the word "toll" in the special sense of preserving jurisdiction, just as this court had done in *People* v. *Youngs, supra,* 23 Cal.App.3d 180.

One problem with this argument is that it is based entirely on speculation. Defendant has produced no committee reports or other documents indicating that the amendment was in any way a response to *Journey*. A second problem is that under this view the amendment made absolutely no change in existing law, thereby violating the rule that a material change in statutory language is presumed to indicate a change in the meaning of the affected provision. (*Twin Lock, Inc.* v. *Superior Court* (1959) 52 Cal.2d 754, 761 [344 P.2d 788].) As a matter of statutory law it had been clear that summary revocation was sufficient to preserve jurisdiction. The problem faced in *Journey* was whether summary revocation was consistent with constitutional due process requirements. (See *People* v. *Amsbary* (1975) 51 Cal.App.3d 75 [125 Cal.Rptr. 546]; *People* v. *Andre* (1974) 37 Cal.App.3d 516 [112 Cal.Rptr. 438].) If summary revocation did not meet constitutional requirements, the problem clearly could not be cured by a statute declaring that summary revocation was sufficient. Viewed as a response to *Journey,* therefore, the amendment was quite pointless.

We conclude that defendant's argument is not sufficiently convincing to persuade us to abandon the ordinary meaning of the word "toll" as used in Penal Code section 1203.2. The interpretation we adopt is that a revocation of probation suspends the running of the probationary period and if probation is reinstated the period of revocation cannot be counted in calculating the expiration date.

Defendant contends also that when the court reinstated probation "on the same terms and conditions" it must have intended that probation would expire on the date originally fixed. We disagree. If a trial court wishes to void or cancel the tolling effect of the revocation it must do so expressly.[1] If the record is silent, however, as it is here, then the statutory tolling provision must be given effect.

The judgment is affirmed.

---

[1]Even if it does not so intend, the trial court would be well advised to state for the record the new expiration date of the probationary period when probation is reinstated. Had that practice been followed in the present case, the misunderstanding which apparently occurred could have been avoided.