Filed 11/17/20 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DIMITRI ORLANDO BRAUD,<br><br>        Defendant and Appellant. | A158186<br><br>(San Francisco City and County Super. Ct. No. 19010864)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING; NO CHANGE IN JUDGMENT** |

THE COURT:

IT IS ORDERED that the opinion filed on October 30, 2020, is modified as follows and the petition for rehearing is DENIED:

1.  On page 3, the second sentence of subsection A. of the Discussion and its accompanying parenthetical are deleted and replaced with the following sentence: "Without providing an extensive discussion of the record, we assume Braud did not forfeit his first claim on appeal (relying on *Leiva, supra,* 56 Cal.4th 498) but conclude his contention has no merit."

2.  On p. 3, in the first sentence of subsection B. of the Discussion, delete "the trial court imposed an unauthorized sentence because."

1

These modifications do not constitute a change in the judgment.

Dated: _____                    _____
                                          SIMONS, ACTING P. J.

A158186

San Francisco City and County Superior Court, No. 19010864, Hon. Samuel K. Feng

First Appellate Project, Jonathan Soglin, Executive Director, and Jeremy T. Price, Staff Attorney, for Defendant and Appellant

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Rene A. Chacon, Supervising Deputy Attorney General, Julia Y. Je, Deputy Attorney General, for Plaintiff and Respondent

Filed: 10/30/20 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>DIMITRI ORLANDO BRAUD,<br><br>      Defendant and Appellant. | A158186<br><br>(San Francisco City and County<br>Super. Ct. No. 19010864) |

Dimitri Orlando Braud appeals from a postjudgment order reinstating his postrelease community supervision (postrelease supervision), arguing that the trial court erroneously extended its termination date.  We disagree and affirm.

**BACKGROUND**

**A.**

Postrelease supervision is like parole.  (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 399.)  Offenders who are released from prison after committing nonserious, nonviolent felonies are subject to mandatory postrelease supervision provided by the county probation department for a period generally not to exceed three years.  (*Ibid.*; Pen. Code §§ 3451, subds. (a), (b), 3455, subd. (e), 3456, subd. (a)(1).)[1] If probable cause exists to believe a person has violated a term or condition of their supervision, the probation officer may order

---

[1] Undesignated statutory references are to the Penal Code.

1

"immediate, structured, and intermediate sanctions" including flash incarceration in county jail, for no longer than 10 consecutive days. (§ 3454, subds. (b)-(c); *People v. Gutierrez, supra,* 245 Cal.App.4th at p. 399.) If intermediate sanctions are no longer appropriate, the supervising agency may petition the court to revoke, modify, or terminate supervision. (§ 3455, subd. (a).)

Revocation is a two-step process. First, when presented with probable cause of a violation, a court may summarily revoke supervision and issue a bench warrant for the defendant's arrest. (§ 1203.2, subd. (a).) Second, the defendant is entitled to a formal hearing at which the prosecution must prove the violation and a disposition may be made. (§3455, subd. (c); *Morrissey v. Brewer* (1972) 408 U.S. 471, 485, 487-488; *People v. Leiva* (2013) 56 Cal.4th 498, 505 (*Leiva*).) If the violation is found true, the hearing officer may, among other options, terminate supervision and order incarceration in jail, or, as here, it may reinstate supervision and modify the conditions, including a period of jail incarceration. (§ 3455, subds. (a), (d); *People v. Armogeda* (2015) 233 Cal.App.4th 428, 434.)

## B.

In January 2016, Braud was convicted of unlawful possession of a firearm (§ 29800, subd. (a)(1)) and sentenced to a two-year prison term. Braud's sentence was deemed served (§ 2900.5), and he was immediately released on postrelease supervision. His three-year period of supervision was originally scheduled to end on January 6, 2019. Among other terms and conditions, Braud's postrelease supervision required that he "not engage in conduct prohibited by law." (See § 3453, subd. (b).)

2

Over the next few years, Braud's postrelease supervision was revoked and reinstated three times for violations he admitted: in the spring of 2016 ; in the summer of 2018; and in the summer of 2019, which is the violation that led to this appeal.  As a result of the first two violations, the termination date of Braud's postrelease supervision was extended to February 7, 2019 and then October 21, 2020.

In July 2019, the San Francisco Probation Department filed the third petition to revoke Braud's supervision.  The petition alleged Braud violated the conditions of his supervision by suffering a new arrest.  The trial court summarily revoked Braud's supervision and set the matter for a hearing.  At the formal revocation hearing, Braud admitted the violation but reserved his rights to challenge the new termination date set by the court.  The trial court ordered Braud to serve 58 days in county jail, with credit for 18 days served, and reinstated postrelease supervision.  Over defense counsel's objection, the court extended Braud's postrelease supervision to July 23, 2021.

### DISCUSSION

### A.

The People assert Braud forfeited his arguments by failing to raise them below.  Because Braud contends his claims fall within the unauthorized sentence exception to the forfeiture rule, however, we proceed to the merits.  (*People v. Anderson* (2004) 50 Cal.4th 19, 26; *People v. Steward* (2018) 20 Cal.App.5th 407, 413, fn. 5)

### B.

Braud argues the trial court imposed an unauthorized sentence because the trial court lacked authority to extend the termination date

3

beyond three years from his release date by adding the days when his supervision was revoked.  We disagree.

Section 3455, subdivision (e), imposes a three-year limit on supervision but includes two exceptions: "A person shall not remain under supervision or in custody pursuant to this title on or after three years from the date of the person's initial entry onto postrelease community supervision, *except when his or her supervision is tolled* pursuant to Section 1203.2 or subdivision (b) of Section 3456."  (Italics added.)  We are only concerned here with the first exception, tolling under section 1203.2, which applies when a court revokes supervision: a "revocation, summary or otherwise, shall serve to toll the running of the period of supervision."  (§ 1203.2, subd. (a).)

Braud acknowledges that the plain language of section 3455, subdivision (e), appears to allow a trial court to extend supervision beyond the statutory maximum of three years by adding the days during which supervision was revoked under section 1203.2.  Braud argues, however, that *Leiva, supra,* 56 Cal.4th 498 and *People v. Johnson* (2018) 29 Cal.App.5th 1041 (*Johnson*) compel us to read the statute more narrowly.  We begin with *Leiva.*

*Leiva* concerned the interplay between the first step of the revocation process—summary revocation based on an alleged probation violation—and the section 1203.2 tolling provision.  The issue was whether a summary revocation automatically extends the probation period indefinitely until there is a formal hearing on the alleged violation.[2]  (*Leiva, supra,* 56 Cal.4th at p. 507.)  The defendant's

---

[2] Although *Leiva* involved probation, the relevant parts of section 1203.2 apply uniformly to both probation and postrelease supervision.  (See § 1203.2, subd. (a).)

4

probation had been summarily revoked for a failure to report to his probation officer that occurred during the probation period, but that underlying violation was never proved at a formal hearing. (*Id.* at pp. 502-503.) Instead, years later, the trial court found that the defendant had violated his probation based on different conduct that occurred after his probation period had expired. (*Id.* at p. 503.) The People argued that the summary revocation triggered the tolling provision of section 1203.2, thereby automatically extending defendant's probation indefinitely. (*Id.* at pp. 507, 509, 516-517.)

After reviewing the legislative history, the *Leiva* court held that tolling at the summary revocation stage does not automatically extend the probationary period but rather preserves the court's jurisdiction to proceed to the second step, a formal hearing to decide whether there has been a violation during the probation period, after the probation period has expired. (*Leiva, supra,* 56 Cal.4th at pp. 514-515.) The court also observed that an automatic extension would raise due process concerns by extending a defendant's probationary term without notice or hearing and would conflict with statutory limits on the length of probation. (*Id.* at p. 509.)

*Leiva* does not offer Braud much help. Unlike in *Leiva*, both Braud's violation and the revocation hearing took place within the supervision period (before October 21, 2020); the trial court unquestionably had jurisdiction. And the trial court extended the supervision period only after a formal hearing on the violation; so there is no due process issue. Although this case *is* about statutory limits on the length of supervision, section 3455 expressly allows a court to extend the supervision period beyond the three-year limit. (§ 3455,

5

subd. (e).)  And section 3455 was not at issue in *Leiva* because the statute does not apply to probation.

Indeed, dicta in *Leiva* cuts against Braud's position that our Supreme Court's interpretation of the section 1203.2 tolling statute bars an extension of the supervision period in his situation.  Although tolling for a summary revocation does not *automatically* extend a probation period, when a court reaches the second step of the revocation process—the formal hearing on the violation—*Leiva* says that the court may choose to extend the probation period: "a trial court can find a violation of probation and then *reinstate and extend* the terms of probation."  (*Leiva, supra*, 56 Cal.4th at p. 516, italics added.)  Similarly, *People v. Tapia* (2001) 91 Cal.App.4th 738, 741 (*Tapia*), which *Leiva* cites with approval, explained that "the period of tolling *can be tacked on to the probationary period* if probation is reinstated."  (*Ibid.*, italics added, disapproved on another point in *People v. Wagner* (2009) 45 Cal.4th 1039, 1061 & fn. 10; see *Leiva, supra*, 56 Cal.4th at pp. 515-516 & fn. 5.)  In a footnote, *Leiva* also disapproved another appellate court's contrary conclusion "that 'if probation is reinstated the period of revocation cannot be counted in calculating the expiration date.' " (*Leiva, supra*, 56 Cal.4th at p. 518 & fn. 7, disapproving *People v. DePaul* (1982) 137 Cal.App.3d 409, 415.)  In short, when the violation and reinstatement both occur during the probationary period*, Leiva* indicates a court may extend it by adding the tolled period of revocation.

Which brings us to *Johnson*. *Johnson* considered the question of whether section 1203.2 tolling automatically extends a supervision period at the second step of revocation, the formal hearing.  (*Johnson*,

6

*supra*, 29 Cal.App.5th at p. 1048.) The trial court, in that case, reinstated supervision and extended the supervision period for the time during which supervision was revoked by simply accepting a probation department's calculation. (*Ibid*.) *Johnson* rejected the Attorney General's argument that the tolling provision automatically extended the supervision but held that a trial court, in this situation, has discretion to extend the time. Because the trial court had not exercised that discretion, *Johnson* remanded. (*Johnson, supra*, 29 Cal.App.5th at pp. 1048-1050.)

Braud points to the *Johnson* court's statement that tolling under section 1203.2 was intended to preserve jurisdiction for the second step of the revocation process and that "the Legislature did not intend the length of [supervision] to be extended due to periods of revocation." (*Johnson*, *supra*, 29 Cal.App.5th at pp. 1049-1050.) But the court made these statements in the context of rejecting the Attorney General's argument that revocation tolling is automatic and requires no explicit exercise of discretion. (*Ibid*.) Like *Leiva* and *Tapia*, *Johnson* itself concluded a trial court has discretion to extend the expiration date when supervision is revoked and reinstated; it just does not happen automatically. (*Johnson*, *supra*, 29 Cal.App.5th at p. 1050.)

Finally, Braud points to the *Johnson* court's statement that "a trial court may choose to extend the original expiration date . . . *within the maximum statutory period*." (*Johnson, supra*, 29 Cal.App.5th at p. 1050, italics added.) The parties in *Johnson* agreed that the court has discretion to extend the supervision period "at least to the statutory three-year maximum." (*Id*. at p. 1049.) Thus, *Johnson* had no need to resolve any conflict between that limitation and the Legislature's clear

7

statement that a person may "remain under supervision" beyond three years when supervision has been tolled under section 1203.2. (§ 3455, subd. (e).) We decline to interpret *Johnson* as contradicting the plain language of section 3455, subdivision (e).

<h2 style="text-align:center">C.</h2>

Braud asks us to remand for further proceedings, as the *Johnson* court did. (*Johnson, supra*, 29 Cal.App.5th at p. 1050.) *Johnson* is distinguishable because, as we explained previously, the trial court, in that case, did not exercise its judicial discretion but simply accepted the probation department's assumption that revocation automatically extended the supervision period. (*Id.* at pp. 1044-1045, 1048.)

Here, Braud's supervision termination date was not automatically extended. Instead, Braud's probation officer petitioned to reinstate supervision with a modified termination date, relying on tolling for the total number of days Braud absconded or his supervision was revoked. In response, defense counsel cited *Johnson* and argued that the trial court had discretion to decline to extend Braud's supervision for time during which his supervision was revoked. Thereafter, the trial court explicitly ordered the termination date of Braud's supervision extended to July 23, 2021.

On this record, we cannot presume that the trial court misunderstood or abused its discretion when it ordered the termination of Braud's supervision extended for periods of time during which his supervision was revoked. (See *People v. Brown* (2007) 147 Cal.App.4th 1213, 1229 ["remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion"].)

## D.

We need not resolve Braud's second argument—that "[a] person serving a period of flash incarceration is in the state's actual custody" and cannot have their supervision tolled for any such time under the absconding exception (§§ 3455, subd. (e), 3456, subd. (b)). He concedes there is nothing in the record demonstrating that the trial court in fact extended his supervision termination date to account for any time he was flash incarcerated. Even if we assume (for the sake of argument) that Braud is correct about the legal rule he asks us to adopt, he has failed to meet his burden to affirmatively show error. (See *People v. Davis* (1996) 50 Cal.App.4th 168, 172 ["a trial court's order/judgment is presumed to be correct . . . and the appealing party must affirmatively demonstrate error on the face of the record"].)

## DISPOSITION

The challenged postjudgment order, dated July 29, 2019, is affirmed.

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
REARDON, J.*

A158186

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10

San Francisco City and County Superior Court, No. 19010864, Hon. Samuel K. Feng

First Appellate Project, Jonathan Soglin, Executive Director, and Jeremy T. Price, Staff Attorney, for Defendant and Appellant

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Rene A. Chacon, Supervising Deputy Attorney General, Julia Y. Je, Deputy Attorney General, for Plaintiff and Respondent

11