Filed 12/6/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TAMEL RAY JOHNSON,<br><br>    Defendant and Appellant. | A151559<br><br>(Solano County<br>Super. Ct. No. FCR318291) |

The sole issue presented on this appeal is whether the length of appellant's postrelease community supervision (PRCS) was properly extended when PRCS was revoked and then reinstated. We conclude that it was not. While the present appeal is technically moot because appellant's period of supervision has ended, we address the issue to provide guidance on an issue of continuing public importance.

**BACKGROUND**

Appellant was sentenced to prison after being convicted of possessing stolen property (Pen. Code, § 496, subd. (a)),[1] with a sentence enhancement for a prior prison term (§ 667.5, subd. (b)). On June 6, 2014, he was released from prison and placed on PRCS. (§ 3451.)

On December 9, 2015, the probation department filed a petition for revocation of community supervision that indicated supervision was scheduled to expire on June 16, 2017. Appellant admitted violating PRCS by failing to abstain from illegal substances and the court revoked and then reinstated PRCS.

---

[1] Further statutory references will be to the Penal Code.

1

The probation department filed a new petition for revocation of community supervision on August 9, 2016, again indicating June 16, 2017, as the scheduled date for expiration of supervision. On August 12, 2016, the court summarily revoked PRCS, remanded appellant to custody without bail and set the matter for hearing. At the hearing on September 6, 2016, appellant admitted his violation and the court reinstated PRCS, with prior orders to remain in effect, modified by the additional condition that appellant serve 120 days in county jail.

The petition for revocation of supervision presently at issue was filed on February 10, 2017. This petition stated the date of expiration of supervision as "7/11/2017 (time tolled)." The 25-day difference from the previously stated date of expiration reflects the 25 days appellant spent in custody between August 12 and September 6, 2016, while PRCS was revoked.

Appellant failed to appear in court on February 17, 2017, and the court summarily revoked supervision and ordered issuance of a bench warrant, which issued on February 23, 2017. A hearing was subsequently set for March 27, 2017, for voluntary return on the warrant. Appellant was remanded to custody on April 6, 2017. After a contested hearing on May 8, 2017, the court found appellant in violation and continued the matter for sentencing on June 2, 2017.

On June 2, 2017, the court again reinstated PRCS. At the outset of the hearing, the court asked defense counsel why he had stated the PRCS expiration date was June 16, 2017, when the petition indicated the date was "July 11, 2017 and time tolled." The court stated, "I don't know if that is still the accurate date or whether it's beyond that still at this point. So, in any event, it will be July 11 or thereafter potentially." Defense counsel responded, "Based on tolling statutes that my client objects to, yes." There was no further reference to the expiration date.

## DISCUSSION

Appellant challenges the extension of his PRCS as unauthorized by law. The Attorney General argues that the appeal is moot because appellant is no longer on PRCS. Although the respondent's brief does not address the merits of appellant's claim, at oral

2

argument, the Attorney General argued that extension of the period is authorized by statute. With the permission of the court, the parties filed supplemental briefs addressing the Attorney General's newly raised theory.

Although the appeal is technically moot, we exercise our discretion to decide the issue presented because it " 'is likely to recur, might otherwise evade appellate review, and is of continuing public interest.' " (*People v. DeLeon* (2017) 3 Cal.5th 640, 646, quoting *People v. Morales* (2016) 63 Cal.4th 399, 409.) The Attorney General argues the issue will not evade review because a person may be subject to PRCS for up to three years (§ 3451, subd. (a)) and "[t]hat is ample time to challenge an extension of the supervision period pursuant to section 1203.2, subdivision (a)." This point could have merit only with respect to a violation, revocation and reinstatement occurring extremely early in the PRCS period. As the present case demonstrates, an extension of PRCS imposed later in the original period will often evade review. Here, the period of revocation upon which the extension was based, August 12 to September 6, 2016, was less than a year before the original probation expiration date; appellant learned of the extension imposed by the probation department just over four months before the original expiration date. By the time of the trial court hearing on June 2, 2017, only two weeks remained of the original period. Even without consideration of the actual time required for processing and deciding the appeal, it is obvious appellant could not have presented the issue for decision by this court before it became moot. And, as appellant observes, the present case suggests that PRCS periods are routinely extended in such circumstances, as the probation department unilaterally changed the PRCS expiration date after appellant served time in jail, and the trial court simply assumed this extension was appropriate.

Turning to the merits, section 1203.2, subdivision (a), provides that "revocation, summary or otherwise, shall serve to toll the running of the period of supervision." *People v. DePaul* (1982) 137 Cal.App.3d 409 (*DePaul*) interpreted this provision as meaning that the time during which probation was revoked is not counted in calculating the end-date for supervision, thus serving to extend the end date. This interpretation,

however, was subsequently disapproved in *People v. Leiva* (2013) 56 Cal.4th 498 (*Leiva*).

*Leiva,* unlike the present case, involved a probation violation that occurred after the original supervision period had ended.  The trial court had summarily revoked probation during the original period of probation, but the formal revocation hearing was not held until long after expiration of the original period.  At the formal hearing, the court found the defendant had violated probation not by the conduct underlying the summary revocation but by different conduct that occurred after the end of the original probation period.  The issue in *Leiva* was whether the tolling provision of section 1203.2, subdivision (a), extended the probation period between the summary revocation and the formal hearing, so that the violation during the extended period counted as a violation of probation.[2]

The Supreme Court held it did not.  Based on its review of the language and legislative history of section 1203.2, *Leiva* held that tolling does not subject a defendant to revocation of probation for conduct that occurred after the expiration of the court-imposed probation period but rather preserves the court's jurisdiction to conduct a hearing after expiration of that period to adjudicate an alleged violation and summary revocation based on conduct *during* the original period.  (*Leiva, supra,* 56 Cal.4th at pp. 511-514.)  *Leiva* concluded that "the commonsense, plain meaning of 'toll' in the context of legal time limits is 'to abate' or 'to stop the running of,' " rejecting the Attorney General's argument that "toll" means "extend" in the sense that, upon summary

---

[2] The defendant was placed on three years' probation in 2000, which was summarily revoked in 2001 after he failed to report to the probation department.  The defendant, who had been deported, returned to the United States illegally in 2007 and, in 2009, was found to have violated his original probation (which would have ended in 2003) by the 2007 illegal entry.  The trial court in 2009 reinstated probation, extending it until 2011.  The defendant was again deported and probation was summarily revoked for failure to report to the probation officer.  After a hearing, the court found the defendant violated probation by reentering the country illegally in 2009, during the extended probation period the court had ordered.  (*Leiva, supra,* 56 Cal.4th at pp. 502-504.)

4

revocation, the terms and conditions of probation continue indefinitely until a formal revocation proceeding can be held. (*Id.* at p. 509.) The Attorney General's interpretation, *Leiva* stated, would conflict with express statutory limitations on the length of probation (§§ 1203a, 1203.1, 1203.2, subd. (e)) and "raise serious due process concerns because such a reading of the statutory language would extend a defendant's probationary term indefinitely without notice or a hearing as to the propriety of such an increase." (*Leiva,* at p. 509.)

*Leiva* explained that the legislative history indicated "the tolling provision was focused on preserving jurisdiction, and not on extending indefinitely the terms and conditions of probation until a formal probation violation hearing could be held." (*Leiva, supra,* 56 Cal.4th at p. 514.) The provision was added "to address problems that can arise when a formal revocation hearing cannot be held during the court-imposed period of probation," and particularly to "respond to the holdings in two appellate decisions" which "had held that a defendant's probationary term *expires* when the trial court does not validly revoke probation at a hearing . . . during the probationary term," thereby depriving the court of jurisdiction to hold a new hearing complying with constitutional standards after expiration of the probation period. (*Id.* at pp. 511-512.) The Legislature, in enacting the tolling provision, intended to "ensure that, once probation was summarily revoked, the prosecution would have a fair opportunity to prove that a defendant violated probation during the probationary period even when a formal probation violation hearing could not be held before probation expired" and to "ensure a defendant's due process right to a formal hearing in which to litigate the validity of an allegation that he violated the conditions of probation during the probationary period whenever such a formal hearing could be held." (*Id.* at pp. 511-515.)

Due to its conclusions as to the legislative intent underlying the tolling provision of section 1203.2, subdivision (a), *Leiva* disapproved *DePaul, supra,* 137 Cal.App.3d 409 "to the extent it suggests a probation violation can be based solely on conduct that occurs after the expiration of a court-imposed period of probation." (*Leiva, supra,* 56 Cal.4th at pp. 517-518.) In a comment that was an aside in *Leiva* but critical in the present case, the

5

court further stated, "We also disapprove the conclusion of the court in [*DePaul,*] at page 415, that 'if probation is reinstated the period of revocation cannot be counted in calculating the expiration date.' " (*Leiva,* at p. 518, fn. 7.)

Although *Leiva* was concerned with probation, section 1203.2, subdivision (a), applies to PRCS as well, and it would be anomalous to view the tolling provision as having a different meaning in the context of PRCS. Section 1203.2 was amended in 2012 to make its provisions regarding revocation of supervision, which previously had applied only to probation, apply also to mandatory supervision, PRCS and parole. (Stats. 2012, ch. 43, § 30.) The Legislature's "stated intent was 'to provide for a uniform supervision revocation process for petitions to revoke probation, mandatory supervision, postrelease community supervision, and parole.' (Stats. 2012, ch. 43, § 2, subd. (a).)" (*People v. DeLeon, supra,* 3 Cal.5th at p. 647.)

*Leiva, supra*, 56 Cal.4th at page 518, footnote 7, leads us to conclude that when PRCS is revoked and later reinstated, the period of revocation does not automatically extend the length of the originally imposed period of supervision. In his initial briefing, the Attorney General offered no argument to the contrary.**³**

In the supplemental brief filed after oral argument, however, the Attorney General argues that the trial court properly extended appellant's PRCS when it reinstated PRCS at the June 2, 2017. The Attorney General takes issue with appellant's characterization of the probation department having "unilaterally" extended PRCS, arguing that the probation department simply noted in the petition that the PRCS period *should* be extended, and the court so ordered. The Attorney General cites the court's comments at the outset of the June 2 hearing that "the last petition for revocation states July 11, 2017 and time tolled," and "I don't know if that is still the accurate date or whether it's beyond

---

³ Indeed, the Attorney General appeared to acknowledge the applicability of *Leiva*: In urging us to dismiss this appeal as moot, the Attorney General states that "[w]hile the issue raised here is of some public interest, the California Supreme Court has already interpreted section 1203.2, subdivision (a)'s tolling provision, albeit in a different context. [Citation.] Thus, there is already some guidance on the meaning of that statute."

that still at this point. So . . . it will be July 11 or thereafter potentially." This is hardly an explicit exercise of judicial discretion with respect to the length of the PRCS period: The court simply accepted the assumption, reflected in the probation department's change of expiration date, that the period of revocation served to extend the period of PRCS.

The Attorney General further maintains that the trial court was not required to make its extension of the PRCS period explicit. In *DePaul, supra,* 137 Cal.App.3d at page 415, the court held that "[i]f a trial court wishes to void or cancel the tolling effect of the revocation it must do so expressly." Appellant interprets *Leiva'*s disapproval of *DePaul* as creating the opposite rule, that "[t]olling does not extend the end-date of PRCS unless the trial court says so." By contrast, the Attorney General maintains that when *Leiva* disapproved the *DePaul* court's conclusion that " 'if probation is reinstated the period of revocation cannot be counted in calculating the expiration date' " (*Leiva, supra,* 56 Cal.4th at p. 518, fn. 7), it simply "rejected a per se rule that the revocation period never be counted in calculating the expiration date for the period of supervision."

*Leiva* was concerned with the problem of probation being revoked based on a "violation" that occurred after expiration of the original probationary period—hence its explanation that rejecting the *DePaul* rule was "fair to the prosecution because, upon proof that a defendant did violate probation before the expiration of the probationary period, probation may be reinstated or a new term may be granted." (*Leiva, supra,* 56 Cal.4th at p. 518, fn. 7.) That situation is not at issue here: Appellant's violation and the court's reinstatement of PRCS both occurred before expiration of the original PRCS period.

The question is what the *Leiva* footnote means outside the specific context the court was addressing. Appellant, as we have said, takes it to mean the opposite of the disapproved *DePaul* rule: Unless the trial court states otherwise, when supervision is reinstated, it may not be extended due to a period of revocation. The Attorney General takes it to mean only that there is no rule requiring that the period of supervision be extended. Fundamentally, the parties thus appear to agree that the trial court *may* extend the PRCS period—at least to the statutory three-year maximum. (§ 3455, subd. (a).) The

7

Attorney General, however, goes on to state that when the trial court formally revoked appellant's PRCS and reinstated it, the court "thereby extend[ed] his period of PRCS 25 days commensurate with the amount of time he spent in revoked status." We cannot reconcile this view that the period of supervision is *automatically* extended with the *Leiva* footnote, which, by disapproving the *DePaul* rule, appears to say just the opposite.

The Attorney General points to section 3455, subdivision (e), as demonstrating that extension of appellant's PRCS was "contemplated and endorsed by the Legislature." Section 3455, subdivision (e) provides that "[a] person shall not remain under supervision or in custody pursuant to this title on or after three years from the date of the person's initial entry onto postrelease community supervision, *except when his or her supervision is tolled pursuant to Section 1203.2 or subdivision (b) of Section 3456*." (Italics added.)

The Attorney General's reliance upon the exception for tolling pursuant to section 1203.2 begs the question, as it ignores *Leiva's* analysis and conclusion, discussed, *ante*, that the tolling provision of section 1203.2 was intended to preserve the trial court's jurisdiction to hold formal revocation proceedings after expiration of the original period of supervision. Section 3456, subdivision (b), provides that "[t]ime during which a person on postrelease supervision is suspended because the person has absconded shall not be credited toward any period of postrelease supervision." This exception, by its terms, does not apply in the present case, as appellant did not abscond. Moreover, the fact that this one circumstance, and no other, is identified as not counting toward the PRCS period suggests that the Legislature did not intend the length of PRCS to be extended due to periods of revocation. The section 3456, subdivision (b), exception thus bolster's appellant's position rather than the Attorney General's.

Additionally, under the statutes governing PRCS, periods of incarceration are a permitted form of punishment for violations of PRCS (§§ 3454, subds. (b), (c), 3455, subds. (a)(1), (a)(2), (d)), yet section 3455, subdivision (e), provides that "[a] person shall not remain under supervision or in custody pursuant to this title on or after three years from the date of the person's initial entry onto postrelease community supervision, except when his or her supervision is tolled pursuant to Section 1203.2 or subdivision (b) of

8

Section 3456." (Italics added.) Automatically extending the length of PRCS due to a period of revocation during that period would be inconsistent with the requirement of section 3455, subdivision (e), that PRCS be limited to three years from initial entry despite intervening periods of custody due to violations of the conditions of supervision.

In sum, we believe that a reasonable reading of *Leiva* compels the conclusion that the length of the supervisory period is not automatically extended when PRCS is reinstituted after revocation, although a trial court may choose to extend the original expiration date for PRCS within the maximum statutory period.

## DISPOSITION

The tolling provision of section 1203.2, subdivision (a), did not authorize the automatic extension of appellant's PRCS period.

The matter is remanded to the trial court for proceedings consistent with this opinion.

9

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Stewart, J.


*People v. Johnson* (A151559)

Trial Judge:                          Hon. Tim P. Kam

Trial Court:                          Solano County Superior Court

Attorney for Appellant:               Under Appointment by the Court of Appeal
                                      Garrick Byers


Attorneys for Respondent:             Attorney General of California
                                      Xavier Becerra

                                      Gerald A. Engler
                                      Chief Assistant Attorney General

                                      Jeffrey M. Laurence
                                      Senior Assistant Attorney General

                                      Seth K. Schalit
                                      Supervising Deputy Attorney General

                                      Melissa J. Kendra
                                      Deputy Attorney General

                                      Claudia H. Amaral
                                      Deputy Attorney General