Filed 9/12/22  P. v. Huff CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY QUINN HUFF, JR.,<br><br>     Defendant and Appellant. | A163958<br><br>(Napa County<br>Super. Ct. No. 18CR001828) |

Antony Quinn Huff, Jr., appeals after the trial court found a probation violation and imposed a two-year prison sentence. He asserts the violation occurred after his probation ended on January 1, 2021, by operation of new legislation that retroactively shortened the maximum probation term to two years. (Assem. Bill No. 1950 (2019-2020 Reg. Sess.), Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021 (AB 1950).) The People disagree. They suggest Huff had not served two years on probation as of January 1 because his term was tolled for roughly seven months following its summary revocation. More clearly, they contend Huff is estopped from denying the tolling because he agreed to it as part of a negotiated plea before the new legislation was enacted.

Their arguments miss their mark. First, Huff's probation was never summarily revoked and, even if it had been, the tolling

1

triggered by summary revocation does not keep the probationary term from running. (*People v. Leiva* (2013) 56 Cal.4th 498 (*Leiva*); Pen. Code, § 1203.2, subd. (a).[1]) Second, Huff's agreement to extend his probation by seven months does not estop him from invoking the benefit offered by AB 1950. We reverse.

## BACKGROUND

### A.

Probation revocation involves two steps. First, a court may summarily revoke probation when presented with reason to believe the probationer has violated its terms and conditions. Second, the defendant is thereafter entitled to a formal hearing at which the prosecution must prove the alleged violation. (§ 1203.2, subds. (b), (c), (e); *Leiva, supra,* 56 Cal.4th at pp. 505-506, 516; *People v. Braud* (2020) 56 Cal.App.5th 962, 965-966 (*Braud*).) The summary revocation "shall serve to toll the running of the period of supervision." (§ 1203.2, subd. (a).)

"Toll" has an unusual meaning in this context. Although the term is generally defined as to stop the running of a time period (*Leiva, supra,* 56 Cal.4th at pp. 508-509), the Supreme Court has rejected that definition for purposes of section 1203.2, subdivision (a). (*Id.* at pp. 507, 517-518.) Rather than suspend the probationary term upon summary revocation, "tolling" under this provision serves only to preserve the court's jurisdiction to adjudicate an alleged violation that occurred during the probation term in a formal violation hearing held after its expiration. (*Id.* at p. 502; *People v. Sem* (2014) 229 Cal.App.4th 1176, 1192 (*Sem*) [tolling after summary revocation "is not a mechanism for extending [the] probationary period beyond its statutory time limits"].) While the court may choose to reinstate and extend the term of probation if it finds a violation, the tolling

---

[1] Undesignated statutory citations are to the Penal Code.

2

does not automatically extend it so as to authorize a finding that probation was violated by acts committed after the original term. (*Braud, supra,* 56 Cal.App.5th at pp. 968-969; *People v. Johnson* (2018) 29 Cal.App.5th 1041, 1050.)

## B.

On December 20, 2018, Huff was placed on three years of probation after he pled no contest to felony evading an officer (Veh. Code, § 2800.2, subd. (a).) Thirteen months later, on January 27, 2020, the probation department petitioned to revoke his probation for failures to report and obey his probation officer's orders. The court issued a no-bail bench warrant the same day but, apparently due to an oversight, did not summarily revoke probation.

The probation revocation hearing was held almost eight months later, on September 11, 2020. Defense counsel acknowledged Huff had "dropped out of reporting with probation" and proposed his client would admit the violation and "agree to the tolling time of what looks to be . . . a little bit less than eight months."

The court stated, "I'm going to release him from custody today in the underlying case; however, if he wants to resolve it right now, it would be revoke and reinstate, and toll probation." Defense counsel explained to Huff that this would "extend[] the termination date by the seven months that you weren't reporting to Napa." Huff agreed to the proposal. After accepting his admission, the court stated, "[p]robation is revoked and reinstated. Your grant of probation is reinstated to include toll time while your probation was in revoked status. Your new expiration date is July 20th, 2022."

Several months later, the maximum probation term for many felonies, including Huff's, was reduced by statute to two years (§ 1203.1, former subd. (a), as amended by AB 1950).

Appellate courts have unanimously concluded that AB 1950 applies retroactively to cases that are not yet final. (*People v. Arreguin* (2022) 79 Cal.App.5th 787, 794 ; *Kuhnel v. Appellate Division of Superior Court* (2022) 75 Cal.App.5th 726, 729 , review granted June 1, 2022, S274000.)

On January 29, 2021, the court summarily revoked Huff's probation after a January 9 arrest in Solano County. Huff petitioned to deem his probation terminated pursuant to AB 1950 as of January 1, 2021, the bill's effective date and just over two years after he was placed on probation.

The People opposed the petition. They argued Huff had not been on probation for two years as of January 2021 because his term was tolled between January 27, 2020, when the first revocation petition was filed and the bench warrant issued, and the September 11, 2020 revocation hearing. Huff's attorney disagreed, observing there was no legal basis to assert tolling because Huff's probation had not been summarily revoked. Without tolling, Huff had been on probation for two years as of December 20, 2020, and was entitled to the benefit of AB 1950. Moreover, his agreement at the revocation hearing to extend probation by seven months did not change that result. "[P]robation was extended, but that's not the same as tolling."

After reviewing a transcript of the September 2020 hearing, the court ruled Huff was estopped from denying probation had been tolled because the parties "operated with the specific language of tolling" at the hearing, and Huff received a benefit from their agreement. The court revoked probation and sentenced Huff to two years in prison.

4

## DISCUSSION

### A.

Although their position is premised on the concept of tolling under section 1203.2, subdivision (a), the People do not seriously contend Huff's probation was summarily revoked so as to trigger tolling under that provision. Their forbearance is apt: the court left the summary revocation box unchecked on the January 27, 2020 order and later, when the oversight was discovered, declined to correct it nunc pro tunc. Their argument, rather, is that Huff's September 2020 agreement to tolling estops him from asserting probation was not tolled.

But estoppel, if applied here, does not change the outcome. As we have explained, tolling in the context of the probation revocation process does not keep the probationary clock from ticking. (*Leiva, supra,* 56 Cal.4th at pp. 502, 507-518; *Sem, supra,* 229 Cal.App.4th at p. 1192; *Braud, supra,* 56 Cal.App.5th at pp. 968-979.) With or without tolling, then, Huff's probationary term continued to run after January 27, 2020, with the result that he had been on probation for more than two years when AB 1950 took effect on January 1, 2021. Accordingly, he was not on probation when he committed the purported violation in Solano County eight days later; at that point, there was no probation to violate.

### B.

In a slight variation on this argument, the People seem to argue Huff is estopped from challenging the extension of his term beyond the new two-year maximum because he expressly agreed to the additional seven months as part of his negotiated plea. Here too, we disagree. Plea bargains do not insulate the parties from retroactive changes in law that affect their terms. "[T]he general rule in California is that a plea agreement is ' "deemed to incorporate and contemplate not only the existing law but the

5

reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . .” ’ [Citation.] It follows, also as a general rule, that requiring the parties’ compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction.” (*Doe v. Harris* (2013) 57 Cal.4th 64, 73-74; see also *Way v. Superior Court of San Diego County* (1977) 74 Cal.App.3d 165, 180 [rejecting contention that legislation retroactively shortening prison terms was inapplicable to plea-bargained dispositions].) Although these cases do not address the point in terms of estoppel, a holding that Huff’s plea agreement estops him from invoking AB 1950 would, by the same token, compel the conclusion *no* probationer whose sentence resulted from a negotiated plea is eligible for retroactive relief under AB 1950. The People have identified nothing in the bill or legislative history to support such a sweeping limitation.

The People’s reliance on *In re Griffin* (1967) 67 Cal.2d 343, 348-349 (*Griffin*), *People v. Gonzalez* (2020) 57 Cal.App.5th 960, 972-973 (*Gonzalez*), and *People v. Jackson* (2005) 134 Cal.App.4th 929, 932-933 (*Jackson*) does not strengthen their argument. Those defendants were held estopped to dispute the court’s exercise of probation jurisdiction after probation terminated because they had (1) asked to continue a revocation hearing until after the probationary term expired (*Griffin*); or (2) agreed to extend their probation beyond the statutory maximum then in effect (*Gonzalez* and *Jackson*). “To hold otherwise would permit appellant to trifle with the courts and the probation system by leading the trial court into error, obtaining the benefit of the court’s error by avoiding incarceration, and then exploiting on appeal the error [the appellant] induced the trial court to commit.” (*Jackson, supra,* at p. 933.)

6

This case is different. When Huff agreed to the seven-month extension, the total extended term was within the five-year maximum then in effect. Neither his agreement nor anything else said at the September 11 hearing contemplated extending probation beyond the statutory maximum or "lead[] the trial court into error." (*Jackson, supra,* 134 Cal.App.4th at p. 933.) AB 1950 subsequently reduced the maximum term to two years, but that is not a reason to find Huff estopped from claiming its benefit.

## C.

Nor was there a forfeiture. As we understand it, the People contend Huff forfeited the claim that his probation was not suspended between January and September 2020 because he did not object to "the tolling period" at the revocation hearing. But Huff had no reason to object: the "tolling" triggered by summary revocation under section 1203.2, subdivision (a) would not have extended his probation term.

\* \* \*

We conclude Huff's probation term ended by operation of law on January 1, 2021, pursuant to AB 1950, so he was no longer on probation when he committed the acts underlying the 2021 probation revocation. Reversal is required.

## DISPOSITION

The January 29, 2021 probation revocation order is reversed.

7

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
WISEMAN, J.[*]

A163958

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.