Filed 1/30/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br>v.<br><br>RODRIGO ESCOBAR ORNELAS,<br><br>       Defendant and Appellant. | A165333<br><br>(Sonoma County<br>Super. Ct. No. SCR7413021) |

A few months after defendant Rodrigo Escobar Ornelas was placed on probation in July 2021 for the maximum statutory term of two years, he failed to report to probation as directed, his probation was summarily revoked, and a bench warrant was issued for his arrest. He was eventually arrested and admitted to violating the terms of his probation. In April 2022—still within his original two-year probationary term—the trial court reinstated him on probation, but this time with a new termination date in November 2023 to account for the days he had been "in warrant status" and his probation had been summarily revoked.

On appeal, Ornelas contends that the trial court exceeded its jurisdiction by extending his probation to November 29, 2023, which Ornelas argues is beyond the two-year maximum probationary period authorized by statute. We find no error here. When probation has been summarily revoked and then reinstated within the initial probationary term, the trial court has discretion to extend probation to account for the time when probation was

summarily revoked so long as the total period of probationary supervision does not exceed the statutory maximum. Even with an extension to November 2023, Ornelas's term of probation, not including the time he was on warrant status and his probation was summarily revoked, is less than two years.

## FACTUAL AND PROCEDURAL BACKGROUND

Ornelas was charged with possessing methamphetamine for sale and unlawfully transporting it, offering to sell it, selling it, or giving it away. (Health & Saf. Code, §§ 11378, 11379, subd. (a).) In February 2021, Ornelas agreed to plead no contest to an amended felony count of offering to give away a controlled substance (*ibid*.), conditioned on two years of felony probation and dismissal of the remaining charges. The trial court accepted the plea, and at the sentencing hearing on July 23, 2021, suspended imposition of sentence and placed Ornelas on two years of formal probation with a termination date of July 23, 2023.

On October 26, 2021, the trial court summarily revoked Ornelas's probation and issued a bench warrant for his arrest, based on a report from the probation department that Ornelas had failed to report to probation in September and was out of compliance for October. Ornelas was arrested on November 15, 2021, and promised to appear in court on November 24, 2021. When he did not appear on that date, another bench warrant was issued. Ornelas was arrested again on March 15, 2022. The trial court recalled the warrant at a hearing on March 17, 2022, and probation remained summarily revoked.

At a hearing on April 6, 2022, Ornelas admitted that he had violated the terms of his probation by failing to report. The trial court accepted the admission, found Ornelas in violation, and reinstated probation. The

2

probation officer informed the court that Ornelas had been "in warrant status for 129 days," and on that basis asked for a new probation termination date of November 29, 2023, which is 129 days after the previous termination date of July 23, 2023.[1] The trial court granted the request, stating that it was doing so "over the defense objection." The record does not reveal what objection the defense made.

Ornelas timely appealed.

## DISCUSSION

A.    *Applicable Law and Standard of Review*

Probation is defined in the Penal Code as "the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer." (Pen. Code,[2] § 1203, subd. (a), italics added.)

Probation is a creature of statute. (*In re Oxidean* (1961) 195 Cal.App.2d 814, 817.) We describe the statutes pertinent to Ornelas's appeal.

Based on the felony count to which Ornelas pled guilty, the trial court had the authority to order probation for a period not exceeding two years, and "upon those terms and conditions as it shall determine."[3] (§ 1203.1, subd. (a).)

---

[1] Ornelas does not contest the Attorney General's representation that he was "in warrant status" for 129 of the 162 days during which his probation was revoked.

[2]  All subsequent statutory references are to the Penal Code.

[3] Subject to exceptions not applicable here, and effective on January 1, 2021, the maximum term of probation for a person convicted of a felony is two years. (Stats. 2020, ch. 328, § 2.) The maximum term of probation for a person convicted of a felony had previously been the length of the maximum possible prison term of the sentence, or five years if the maximum prison term was five years or less. (Stats. 2010, ch. 178, § 75.)

3

Under section 1203.2, subdivision (b)(1), the trial court may "modify" an order of probation upon appropriate notice to the probationer. The power to modify includes the power to extend the term of probation, up to the statutory maximum. (*People v. Cookson* (1991) 54 Cal.3d 1091, 1094-1095.)

If a probation officer has probable cause to believe that a probationer is violating any term or condition of the probationer's supervision, the court has authority to issue a warrant for the person's arrest. (§ 1203.2, subd. (a).) Upon issuance of the warrant, "the court may revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation . . . officer or otherwise that the person has violated any of the conditions of their supervision . . . ." (*Ibid.*)

Section 1203.2, subdivision (a), further provides that "[t]he revocation, summary or otherwise, shall serve to toll the running of the period of supervision." Our Supreme Court has held that this so-called "tolling provision . . . focus[es] on preserving jurisdiction," giving a trial court "authority to adjudicate a claim that the defendant violated a condition of probation during the probationary period" even if a formal violation hearing cannot be held before probation expires. (*People v. Leiva* (2013) 56 Cal.4th 498, 515 (*Leiva*).) The tolling provision does not "stop" probation so as to relieve the defendant from complying with the conditions imposed by the court (*id.* at p. 508), nor does it operate to automatically "extend" the conditions of probation beyond the expiration of the probationary term. (*Id.* at p. 509.) Instead, where a formal violation hearing is held after the original probationary term has expired, section 1203.2, subdivision (a), preserves jurisdiction so that "a trial court can find a violation of probation and then reinstate and extend the terms of probation 'if, and only if, probation is

4

reinstated based upon a violation that occurred during the unextended period of probation.' " (*Id.* at p. 516, quoting *People v. Tapia* (2001) 91 Cal.App.4th 738, 747 (*Tapia*) [cited with approval in *Leiva, supra,* 56 Cal.4th at pp. 515-516 & fn. 5, and disapproved on another point in *People v. Wagner* (2009) 45 Cal.4th 1039, 1061, fn. 10].)

Here there is no issue of preserving jurisdiction to adjudicate a probation violation because Ornelas's violation hearing was held in April 2022, long before his original two-year term expired. But apart from preserving jurisdiction, courts have concluded that when probation has been summarily revoked and when, at a hearing held during the initial period of probation, a violation has been found, "the period of tolling can be tacked onto the probationary period if probation is reinstated." (*Tapia, supra,* 91 Cal.App.4th at p. 741.) As we shall explain, this is what happened in Ornelas's case.

We review the trial court's ruling de novo. (See *People v. Prunty* (2015) 62 Cal.4th 59, 71 [questions of statutory interpretation are reviewed de novo]; *People v. Rosbury* (1997) 15 Cal.4th 206, 209 [propriety of sentence is "purely legal matter" that is reviewed de novo].)

B.     *Analysis*

Ornelas argues that in reinstating his probation with a new termination date, the trial court acted in excess of its jurisdiction by extending his probation beyond two years. Ornelas claims that the time during which his probation was revoked and he was on warrant status must be counted toward the statutory maximum period. Under the circumstances here, this is not correct. To the contrary, the court had authority to tack on the additional time.

5

Probation is "an act of clemency in lieu of punishment . . ., and its primary purpose is rehabilitative in nature." (*People v. Howard* (1997) 16 Cal.4th 1081, 1092.) Supervision by a probation officer is a crucial component of the probationer's rehabilitation. (See *People v. Moran* (2016) 1 Cal.5th 398, 406 ["probation officers' awareness of probationers' whereabouts facilitates supervision and rehabilitation and helps ensure probationers are complying with the terms of their conditional release"]; see also *Leiva*, *supra*, 56 Cal.4th at p. 519 (conc. opn. of Baxter, J.) ["Imposition of probation for a specified period contemplates that the probationer will be subject to supervision by the court and probation authorities for that *entire amount or length of time* . . . . Supervision for the entire probationary period, as agreed between the probationer and the court, is a fundamental prerequisite to the successful and lawful completion of a grant of *supervised* probation"].)

During the 129 days that Ornelas was in warrant status, he was not "under the supervision of a probation officer." (§ 1203, subd. (a).) He had absconded, and his absence kept the probation officer from facilitating and monitoring his rehabilitation. In reinstating Ornelas's probation and moving the termination date to account for the 129 days in which Ornelas had been in warrant status and not under the supervision of a probation officer, the trial court did not increase the term beyond the statutory maximum of two years; instead, the court exercised its discretion to adjust the termination date to provide Ornelas with approximately two years of probationary supervision, as Ornelas had agreed to when he accepted the terms of probation, and in keeping with the July 2021 sentencing order. The court was within its authority under section 1203.2, subdivision (b), in taking this step.

6

The case of *People v. Jackson* (2005) 134 Cal.App.4th 929 (*Jackson*), provides an example of how time during which probation was summarily revoked can be tacked on to the term when probation is reinstated within the original probationary period, as happened here.[4]  In *Jackson*, the defendant pleaded guilty in August 1996 and the court imposed a probationary term of five years, the maximum term under section 1203.1, subdivision (a), at the time.  (*Id.* at p. 931.)  Jackson's term was therefore scheduled to expire in August 2001.  (*Id.* at p. 932.)  In March 1999, Jackson's probation was summarily revoked for desertion.  (*Id.* at p. 931.)  In November 1999, Jackson admitted she had violated probation, and the trial court found her in violation and reinstated her probation.  (*Ibid.*)  But the trial court imposed a new five-year probationary term and extended the probation to November 2004, which the Court of Appeal concluded was error.  (*Ibid.*)  Upon reinstating probation in November 1999, the trial court was "free to recalculate the date of expiration of [defendant's] probationary term," such that the term would expire in May 2002, 263 days after the original expiration date, to account for the 263 days during which her probationary period had been tolled by the revocation of her probation under section 1203.2, subdivision (a).  (*Id.* at p. 932.)  But the trial court had no authority to extend her probation to November 2004, which, by imposing a new five-year term on top of the probationary period that ran from August 1996 to March 1999, resulted in a term that exceeded the statutory five-year maximum. (*Ibid.*)

---

[4] When probation is reinstated after the original probationary period has expired, different rules apply under section 1203.2, subdivision (e), as we discuss below.

Our Legislature intended that cases involving probation revocation and reinstatement like Ornelas's could result in probationary terms that in effect extend beyond the original two-year period. In 2020, when the Legislature passed AB 1950, which reduced the maximum term of felony probation to two years, the question arose whether limiting probation to two years (subject to exceptions not present here) would interfere with the policy goals of probation. The Legislature recognized that the revocation of probation could result in extension to allow two full years of supervision, as reflected in this excerpt from an analysis of the proposed law by the Assembly Committee on Public Safety: "Is . . . two years a sufficient amount of time to meet the objectives of probation? . . . [¶ Probation supervision can serve to connect defendants to community based organizations and resources which can provide support and assistance. Probation can help defendants connect to resources to assist with needs like housing and job training. [¶] A two year period of supervision would likely provide a length of time that would be sufficient for a probationer to complete any counseling or treatment that is directed by a sentencing court. To the extent that a probationer is not complying with the treatment or counseling directed by the court during a probationary period, the court can revoke the defendants' probation until the defendant is back in compliance. The period while probation is revoked tolls the running of time towards the end point of the probationary period. That tolling process would effectively extend the probationary period for individuals that are not in compliance with the conditions of their probation." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1950 (2019-2020 Reg. Sess.) as amended May 6, 2020, p. 6 (AB 1950).)[5]

---

[5] Pursuant to Evidence Code sections 452, subdivision (c) and 459, subdivision (c), we take judicial notice of the legislative history of AB 1950

Accordingly, in passing AB 1950, the Legislature intended that when a warrant was issued and probation was revoked during the initial two-year term, if probation was later reinstated, the period during which the defendant was on warrant status could be tacked on to the probationary period. Notably, summary revocation does not *automatically* extend the probationary period. Rather, at a formal revocation hearing, if the trial court finds a violation, it has discretion to reinstate and extend the probationary term to account for the period of revocation. (*Leiva*, *supra*, 56 Cal.4th at p. 516; see also *People v. Braud* (2020) 56 Cal.App.5th 962, 968-969 (*Braud*) [discussing cases, including *Leiva*, that "conclude[ ] a trial court has discretion to extend the expiration date when supervision is revoked and reinstated; it just does not happen automatically"].) In Ornelas's case, the trial court exercised its discretion to extend the expiration date, while ensuring that the time Ornelas was supervised by the probation department was not greater than the two-year maximum term of felony probation set forth in section 1203.1, subdivision (a). This was not error.

The leading treatise on California criminal sentencing supports our conclusion that the trial court did not err in extending Ornelas's probation: "[T]here is a limited right to extend probation to account for the period when defendant's probation has been summarily revoked." (Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2022) ¶ 8:22 (Couzens).) The limitation is that "the total term of active probation . . . must not exceed the limits set by AB 1950" (*ibid.*), which for Ornelas, is two years.[6]

---

(2019-2020 Reg. Sess.) on our own motion, having previously notified the parties of our intent to do so.

[6] Couzens provides an example illustrating how a court might exercise its discretion to tack on time when a probationer was in warrant status and, in effect, "extend" the probationary term. (Couzens, *supra*, ¶ 8:21.) Consider

Ornelas's arguments do not persuade us that the trial court erred.

Ornelas argues that none of the time when his probation was revoked can be "tacked on" after the original expiration date of his probation because to do so would be to extend his probation beyond the maximum term, which is allowable only under circumstances set forth in section 1203.2, subdivision (e), a statutory provision that he argues does not apply here. That section provides that "[i]f an order setting aside the judgement, the revocation of probation, or both is made after the expiration of the [initial] probationary period, the court may again place the person on probation for that period and with those terms and conditions as it could have done immediately following the conviction."[7]  (§ 1203.2, subd. (e).)  We agree that this is not Ornelas's

a defendant sentenced before the effective date of AB 1950 to a felony probation term of three years.  After a year on probation, the defendant violates probation, probation is summarily revoked, and the defendant remains in warrant status for six months.  AB 1950 takes effect before the warrant is executed.  "At sentencing on the violation, the court could reinstate the defendant on the remaining period of probation and exercise its discretion" to treat the time in warrant status as counting toward the probationary term, in which case, the remaining period is limited to six months, given the two-year limit imposed by AB 1950.  (*Ibid.*)  "Alternatively, the court could order the six months during which the defendant was in warrant status does not apply against the remaining probation term—in this way the defendant will have a full year of active supervision remaining on his reinstated probation.  Such an order has the effect of 'extending' the term of probation to account for the time lost while the defendant was in warrant status, but the total length of active probation has been adjusted to meet the limits set by AB 1950."  (*Ibid.*)

[7] The Couzens treatise explains that section 1203.2, subdivision (e) provides "a very limited exception" that allows a term of probation to be extended beyond the time provided in § 1203.1, subd. (a).  (Couzens, *supra*, ¶ 8:25; see also *Jackson, supra,* 134 Cal.App.4th at p. 937 [discussing a possible application of § 1203.2, subd. (e)].)

situation, so section 1203.2, subdivision (e) does not apply. Nor, based on our analysis, does it render what the trial court did here erroneous.[8]

Ornelas also argues that the days that accrued while his probation was revoked *must* count toward the two-year maximum term, based on *Leiva* and *People v. Johnson* (2018) 29 Cal.App.5th 1041 (*Johnson*), cases which he contends "teach that the period of time during which probation is revoked counts towards the statutory maximum period of probation."

But *Leiva* addressed a situation different from Ornelas's. The question in *Leiva* was "whether, once probation has been revoked, [the tolling provision in section 1203.2, subdivision (a)] permits a trial court to find a violation of probation and then reinstate or terminate probation *based solely on conduct that occurred after the court-imposed period of probation had elapsed.*" (*Leiva, supra*, 56 Cal.4th at p. 502, italics added.) The answer was "no": the "tolling provision preserves the trial court's authority to adjudicate, in a subsequent formal probation violation hearing, whether the probationer violated probation during, but not after, the court-imposed probationary period." (*Ibid.*) But *Leiva* does not prevent the trial court from exercising its discretion to tack on additional days for the period of revocation in Ornelas's case. To the contrary, under *Leiva,* "[i]f a defendant whose probation has been summarily revoked has violated probation during the original probationary period," as Ornelas did here, the defendant "may be subject to an additional period whenever a formal probation revocation hearing can be

_____

[8] According to the Attorney General's calculation, which Ornelas does not dispute, before his probation was revoked Ornelas was on probation for 96 days, from July 23, 2021 until October 26, 2021. The reinstatement of his probationary status on April 6, 2022 until November 29, 2023, adds 603 days to the term, for a total of 699 days. This is still less than the current two-year, or 730-day, maximum.

11

held." (*Id*. at p. 517.) And "when the violation and reinstatement both occur during the probationary period, *Leiva* indicates a court may extend it by adding the tolled period of revocation." (*Braud*, *supra*, 56 Cal.App.5th at p. 969.)

*Johnson*, the other case relied on by Ornelas for this point, presented the issue "whether the length of appellant's postrelease community supervision (PRCS) was properly extended when PRCS was revoked and then reinstated." (*Johnson, supra*, 29 Cal.App.5th at p. 1044.) In *Johnson* we held that "the length of the supervisory period *is not automatically extended* when PRCS is reinstituted after revocation," which is what happened in that case. (*Id*. at p. 1050, italics added.) There, the trial court had simply assumed that the period of revocation extended the period of PRCS. (*Id*. at p. 1048.) We recognized, however, that upon reinstatement, the trial court had discretion to extend the original expiration date. (*Id*. at p. 1050 [where PRCS is revoked and reinstated after defendant admitted violating terms by failing to abstain from illegal substances, tolling under § 1203.2, subd. (a) does not automatically extend the PCRS period, but the trial court may choose to extend the expiration date].)

In sum, *Leiva* and *Johnson* do not teach that the period of time during which probation is revoked necessarily counts towards the statutory maximum period of probation. Instead, they teach that if the trial court reinstates probation after a summary revocation, the trial court has discretion to count, or not count, the period of revocation toward the total probationary term. (*Braud, supra*, 56 Cal.App.5th at p. 969.)

Finally, Ornelas argues that comparing the statutory schemes for probation and PRCS forces the conclusion that his probation could not be extended by adding time to account for the summary revocation. Ornelas

notes that the statutes governing PRCS state that "[t]ime during which a person on postrelease supervision is suspended because the person has absconded shall not be credited toward any period of postrelease supervision." (§ 3456, subd. (b).) He contends that because there is no similar provision for probation, we should presume that the Legislature intended that time during which a probationer has absconded must be credited toward the time of probation, and did not intend to allow the extension of a probationary term on the basis of revocation. The argument is unpersuasive. The absence of a statutory prohibition against counting absconded time toward probation does not require us to infer a *requirement* that absconded time be counted toward probation.

Here, when the trial court reinstated Ornelas's two-year term of probation, it acted within its authority when it exercised its discretion to not count a portion of the time when Ornelas's probation was revoked (the 129 days when he was in warrant status), and to extend the expiration of his probationary term by 129 days.

## DISPOSITION

The challenged order is affirmed.

_____

Miller, J.

WE CONCUR:


_____

Richman, Acting P.J.


_____

Van Aken, J.*


A165333, *People v. Ornelas*

---

&ast; Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Court:  Sonoma County Superior Court

Trial Judge:  Hon. Robert M. LaForge

Justin Behravesh under appointment by the Court of Appeal, for Defendant and Appellant

Rob Bonta, Attorney General; Lance E. Winters, Chief Assistant Attorney General; Jeffrey M. Laurence, Assistant Attorney General; Rene A. Chacon, Claudia H. Amaral, Deputy Attorneys General, for Plaintiff and Respondent

A165333, *People v. Ornelas*