Filed 5/15/24  P. v. Pallett CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | A167669 |
| Plaintiff and Respondent, | |
| v. | (Napa County Super. Ct. No. 22CR001059) |
| CHAD LEE PALLETT, | |
| Defendant and Appellant. | |

The trial court summarily revoked Chad Lee Pallett's probation and issued a bench warrant for his arrest based on his failure to report to the probation department.  After Pallett was arrested and found to have violated the terms of his probation, the trial court extended the end date of his probation to account for the time period his probation had been in revoked status.  Pallett appeals on the basis that the trial court lacked the authority to extend his probation.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 16, 2022, Pallett was placed on two years of formal probation for interfering with another person's civil rights (Pen. Code, § 422.6, subd. (a))[1], resisting arrest (§ 148, subd. (a)(1)), and vandalism (§ 594, subd. (b)(1)).  The terms of his probation required him to report to the

---

[1]     All further statutory references are to the Penal Code.

probation department at least once a month, report immediately upon release from jail or prison, and report any change of address or phone number. In December 2022, Pallett was released from jail after serving a sentence in a separate case but failed to report to probation.

On February 8, 2023, the trial court summarily revoked Pallett's probation and issued a bench warrant for his arrest based on a probation report indicating he had failed to contact probation. On March 18, 2023, Pallett was arrested on the warrant and placed in custody.

On April 7, 2023, the trial court held a probation violation hearing. The court found Pallett violated the terms of his probation by failing to report to probation monthly and upon release from jail. The court revoked and reinstated Pallett's probation and extended its end date to August 12, 2024 to account for the 58 days it had been summarily revoked. The court also sentenced him to 120 days in jail, awarding 21 days of actual presentence custody credit and 20 days of conduct credit.

It is undisputed that Pallett had been on probation for 237 days, from June 16, 2022 to February 8, 2023, before the court summarily revoked his probation. The reinstatement of probation from April 7, 2023 to August 12, 2024 added 493 days, for a total of 730 days, or exactly 2 years.

## DISCUSSION

The sole issue Pallett raises on appeal is whether the trial court had the authority to extend the end date of his probation upon reinstatement to August 12, 2024. He contends the extended end date improperly resulted in the period of probation exceeding the two-year statutory maximum term that applies under section 1203.1, subdivision (a). Reviewing de novo (*People v. Ornelas* (2023) 87 Cal.App.5th 1305, 1311 (*Ornelas*)), we disagree and affirm.

We begin by addressing the Attorney General's assertion that Pallett forfeited this claim by failing to raise an objection in the trial court. As Pallett's argument that the probation term exceeds the statutory maximum falls within an exception to forfeiture for claims that a sentence is unauthorized, we turn to the merits. (See *People v. Anderson* (2020) 9 Cal.5th 946, 961–962.)

Section 1203.2, subdivision (b)(1) empowers the trial court to " 'modify' " an order of probation, including "the power to extend the term of probation, up to the statutory maximum" that applies, which in this case is two years. (*Ornelas*, *supra*, 87 Cal.App.5th at p. 1310; see §§ 1203.1, subd. (a), 1203.2, subd. (b)(1).)

A trial court may issue a warrant for a probationer's arrest if there is probable cause to believe a probation violation has occurred; upon issuance of the warrant, the court may revoke the probationer's supervision if certain conditions are met. (§ 1203.2, subd. (a).) Of import to the case before us, "[t]he revocation, summary or otherwise, shall serve to toll the running of the period of supervision." (*Ibid.*) This tolling provision preserves a court's jurisdiction to hold a probation violation hearing as to conduct that occurred during the probation term if the hearing cannot be held before the term expires. (*People v. Leiva* (2013) 56 Cal.4th 498, 514–515 (*Leiva*).) "But apart from preserving jurisdiction, courts have concluded that when probation has been summarily revoked and when, at a hearing held during the initial period of probation, a violation has been found, 'the period of tolling can be tacked onto the probationary period if probation is reinstated.' " (*Ornelas*, *supra*, 87 Cal.App.5th at p. 1311.)

Hence, the trial court was within its authority to extend Pallett's term of probation by 58 days to account for the time between the summary

revocation on February 8, 2023 and the reinstatement of probation on April 7, 2023.  (See *Ornelas, supra*, 87 Cal.App.5th at pp. 1311–1312.)  As our colleagues concluded in *Ornelas*, such an extension does not increase the probation term beyond the statutory maximum of two years, but rather adjusts the termination date to provide the two years of probationary supervision set out in the sentencing order.  (*Id.* at p. 1312.)

Pallett acknowledges *Ornelas* forecloses his claim but urges us to conclude it was wrongly decided, relying on *Leiva, supra*, 56 Cal.4th 498, and *People v. Johnson* (2018) 29 Cal.App.5th 1041 (*Johnson*).  Neither case compels such a conclusion.

*Leiva* is distinguishable as it concerned whether the tolling provision in section 1203.2, subdivision (a) permits a court to find a violation of probation and reinstate probation "*based solely on conduct that occurred after the court-imposed period of probation had elapsed.*"  (*Leiva, supra*, 56 Cal.4th at p. 502, italics added.)  The answer to that question was no.  (*Ibid.*)  But, as was the case here, " 'when the violation and reinstatement both occur during the probationary period, *Leiva* indicates a court may extend it by adding the tolled period of revocation.' "  (*Ornelas, supra*, 87 Cal.App.5th at p. 1315; accord *Leiva*, at p. 517.)

*Johnson* is also distinguishable as it held that the length of a period of postrelease community supervision (PRCS) "is not *automatically* extended when PRCS is reinstituted after revocation," although a court has the discretion to extend the original end date of supervision within the maximum statutory period.  (*Johnson, supra*, 29 Cal.App.5th at p. 1050, italics added.)  Contrary to Pallett's assertion, it does not follow from this holding "that the period of time during which probation is revoked necessarily counts towards"

that maximum statutory period.  (*Ornelas*, *supra*, 87 Cal.App.5th at pp. 1315–1316.)

We also reject Pallett's contention based on the explicit prohibition on crediting the time a person has absconded from PRCS toward any period of PRCS.  (§ 3456, subd. (b).)  According to Pallett, the lack of a similar provision for probation means the Legislature intended to prohibit a court from extending a probation term to account for time in revoked status.  This argument, too, was squarely rejected in *Ornelas*: "The absence of a statutory prohibition against counting absconded time toward probation does not require us to infer a *requirement* that absconded time be counted toward probation."  (*Ornelas*, *supra*, 87 Cal.App.5th at p. 1316.)

Finally, and with no citation to any authority, Pallett claims that if the trial court could extend the end date of his probation, it was required to reduce that extension by the days between his arrest and the reinstitution of probation.  (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)  We note the court awarded presentence custody credit for this period toward his jail sentence and we are not aware of any authority directing the trial court to also apply it towards his period of probation.

In conclusion, the trial court acted within its authority when it exercised its discretion to not count the 58 days when Pallett's probation was revoked and to extend the expiration date of his probationary term to account for those days.

### DISPOSITION

The order is affirmed.

_____

Petrou, J.

WE CONCUR:

_____

Fujisaki, Acting P. J.

_____

Rodríguez, J.

A167669/*People v. Pallett*