Filed 2/5/25  P. v. Mendoza CA1/4
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RAMIRO OCHOA MENDOZA,<br><br>      Defendant and Appellant. | A168233<br><br>(Napa County<br>Super. Ct. No. 23CR000803) |

### MEMORANDUM OPINION[1]

Ramiro Ochoa Mendoza was convicted of a single count of assault by means of force likely to produce great bodily injury.  (Pen. Code, § 245(a)(4).)[2] Mendoza entered postrelease community supervision (PRCS) on February 12, 2022, for a term set to end on February 11, 2025.

On April 14, 2023, the trial court found probable cause to believe that Mendoza had violated the terms of his PRCS.  It summarily revoked his supervision and issued a bench warrant for his arrest.  After absconding for 40 days, Mendoza was arrested on May 24, 2023, and remained in custody for 20 days pending his formal revocation hearing.

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

[2] All undesignated statutory references are to the Penal Code.

During that hearing, the court found that Mendoza violated the terms of his PRCS, revoked and reinstated him to supervision, and ordered him to serve 150 days in jail, with credit for the days he spent in custody prior to the hearing. When the court proposed to extend Mendoza's PRCS by 60 days, representing the time during which it had been revoked, Mendoza objected, arguing that the court could extend it only by the 40 days during which he had absconded and not by the time he had spent in custody awaiting the hearing. The court allowed the parties to submit briefing on that issue, and after a hearing two weeks later, extended the termination date by the full 60 days, to April 13, 2025. On appeal, Mendoza renews his argument that any extension beyond the 40-day period of his abscondment exceeded the court's authority. We are unpersuaded.

Individuals who have served prison sentences for non-serious and non-violent felonies are placed on PRCS. (§§ 3451, subds. (a), (b), 3455, subd. (e), 3456, subd. (a)(1).) Generally, the maximum period for PRCS is three years. (§ 3455, subd. (e).) If there is probable cause to believe that the person has violated the terms of PRCS the supervising agency may order "immediate, structured, and intermediate sanctions." (§ 3454, subd. (b).) If intermediate sanctions are not appropriate, the supervising agency is to petition the court to revoke, terminate, or modify the individual's supervision. (§ 3455, subd. (a).) Revocation involves two steps. First, the court may summarily revoke supervision and issue a bench warrant for the individual's arrest. (§ 1203.2, subd. (a).) Second, the prosecution must prove at a required formal revocation hearing that there was a violation. (§ 3455, subd. (c).) If the court finds a violation, it may (1) reinstate PRCS with modifications, (2) revoke and terminate supervision, or (3) refer the person to a reentry court. (§ 3455, subds. (a), (d).)

2

In his opening brief, Mendoza focuses on section 3456, subdivision (b), which provides that "[t]ime during which a person on postrelease supervision is suspended because the person has absconded shall not be credited toward any period of postrelease supervision." Mendoza notes that in *People v. Johnson* (2018) 29 Cal.App.5th 1041, 1050, the court wrote that "the fact that this one circumstance, and no other, is identified as not counting toward the PRCS period suggests that the Legislature did not intend the length of PRCS to be extended due to periods of revocation." As two subsequent decisions have pointed out, however, *Johnson* concerned whether the duration of PRCS was extended *automatically*, not whether the court had discretion to extend it. (*People v. Braud* (2020) 56 Cal.App.5th 962, 969 (*Braud*); *People v. Ornelas* (2023) 87 Cal.App.5th 1305, 1315–1316.)

More importantly, Mendoza's opening brief fails to address the statute that expressly governs extensions of PRCS beyond three years and the court's analysis of that statute in *Braud*. Section 3455, subdivision (e) provides that "[a] person shall not remain under supervision or in custody pursuant to this title on or after three years from the date of the person's initial entry onto postrelease community supervision, except when his or her supervision is tolled pursuant to Section 1203.2 or subdivision (b) of Section 3456." Subdivision (a) of section 1203.2 states that a revocation of supervision, "summary or otherwise, shall serve to toll the running of the period of supervision." Reading these provisions together, the court in *Braud* held that a trial court may extend a person's PRCS beyond three years to account for any time supervision is tolled *either* during a period of abscondment under § 3456, subdivision (b), *or* during a period of revocation under section 1203.2. (*Braud, supra*, 56 Cal.App.5th at pp. 967–969.) Like the court in *Braud*, "[w]e decline to interpret *Johnson* as contradicting the plain language of

3

section 3455, subdivision (e)." (*Id.* at p. 969.) The 60-day extension of Mendoza's termination date corresponds to the 60-day period during which his supervision was summarily revoked under section 1203.2; on its face, this extension was consistent with section 3455, subdivision (e).

In his reply brief, Mendoza contends that there is no authority establishing that tolling under section 1203.2 "*continues* once a person has been placed in custody," and that *Braud* did not expressly address "whether time in custody can be used to extend a PRCS termination date." We deem these arguments forfeited both because they are entirely perfunctory and because they follow Mendoza's failure to address the relevant authority in his opening brief. (See *Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 521; *Dameron Hospital Assn. v. AAA Northern California, Nevada & Utah Ins. Exchange* (2022) 77 Cal.App.5th 971, 982.) The mere assertion that there is no authority establishing that tolling continues once an individual in revoked status has been placed in custody is not a reasoned argument for implying an exception that is not contained in the statute's language. "We are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

## DISPOSITION

The order extending the expiration date of Mendoza's PRCS by 60 days is affirmed.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
SIMONDS, J. *

---

* Judge of the Superior Court of Sonoma County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4